## John Peck v. W. R. Hinds et al.

1. MECHANIC'S LIENS—*The Statute Must be Strictly Construed.*—The mechanic's lien act being in derogation of the common law, must be strictly construed, and no person can have a lien under it without showing a strict compliance with its provisions.

2. SAME—*Notice of Sub-contractor's Claim.*—The notice required by Sec. 30 of the mechanic's lien act must be in writing, and must be served personally; a notice sent by mail is not sufficient.

3. PRACTICE—*When Holdings of the Trial Court Will be Sustained.*— The holdings of a trial judge should be sustained if they can be justified from the record, and if an order dismissing a petition was correct, it will be affirmed on appeal, although the defects in the petition which justify the dismissal were not called to the attention of the trial court.

**Mechanic's Lien Proceedings.**—Appeal from the Circuit Court of Whiteside County; the Hon. JOHN D. CRABTREE, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed December 9, 1896.

A. A. WOLFERSPERGER and H. C. WARD, attorneys for appellant.

C. L. SHELDON, attorney for appellees.

MR. JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This was a petition by appellant to enforce a claim for mechanic's lien on a lot belonging to appellee Sarah A. Ross, for material furnished by him to F. R. Hinds, a contractor and builder who had built a house on appellee's lot under contract with her.

The balance claimed to be due appellant was $221.

The appellant filed the required statement of his account with the clerk of the Circuit Court of Whiteside County December 14, 1894.

On hearing, the court below dismissed the petition.

From such order of the Circuit Court this appeal is taken.

The original contract to build the house between appellee and Hinds was for $860, and afterward a bill of extras was added of $66, making a total of $926. There was paid in cash $650 and appellant claims that there was a balance due of $270, out of which he had a right to be paid.

The appellee insists that the contract was not completed and that the damages resulting to her by means of the non-completion of the contract, and orders accepted by her, drawn by Hinds, before notice of appellant's claim, and afterward paid, exceeded any balance due Hinds on the contract. The appellee answered, insisting that she had no notice that Hinds was paying for the material for the house until after

the first two payments were made, $450, and the only notice she had then of appellant's claim, was that Peck met Ross, husband of appellee, on one occasion and told him that Hinds was behind on account of the lumber which he, Peck, was furnishing for various buildings which Hinds had under construction, and E. J. Ross told Peck he was going to pay Hinds some money in a short time on his contract, and that if Peck so desired he would have Hinds come to his lumber office and pay the money there; and Peck said he wished he would do so; that on November 13, 1894, E. J. Ross, one of the appellees, went with Hinds to the office of Peck, appellant, and there paid Hinds, in the presence of the appellant, the sum of $200, to apply on his contract, and that appellant on that occasion received from Hinds $150, and allowed the latter to retain $50, and appellees understood that appellant was satisfied with the said payment and that appellees received no further notice of any kind until after they had accepted certain additional orders drawn on them by Hinds, one for $75, December 9, 1894, in favor of John Miller, for labor performed on the house and one dated December 12, 1894, for $103.44, in favor of McLittle & Son, for plastering on the house.

The appellees E. J. and Sarah A. Ross denied that they owed Hinds anything, or that appellant was entitled to any lien, and retained a demurrer in the answer to the petition.

The petition shows that the appellant was a sub-contractor and based his right to a mechanic's lien under the mechanic's lien act relating to such contractors.   Sec. 30, Ch. 82, R. S., requires a notice to be served on the defendants of the claim, and there is no allegation in the petition that the required notice was served, or that the contractor had made a sworn statement as provided for in Sec. 35 of the said act; and, in fact, Hinds never did make the required affidavit, and appellant should have served notice in writing within forty days from the time of the completion of the sub-contract in order to entitle him to a lien.   The appellees insist that, as a matter of fact, they never received any notice until after they had accepted the orders for payment in full.   That

service of such notice is required, see Shaw v. Chicago Sash & Door Mfg. Co., 144 Ill. 531; Ryerson & Son v. Smith, 152 Ill. 645.

The proof in the case tends to show only that the notice required by Sec. 30 was served by putting the notice in a letter envelope and directed to appellees, and put in the mail for them.  This was not a compliance with the act requiring notice.  The mechanic's lien act being in derogation of the common law must be strictly construed, and the notice required by the statute must be in writing and served personally.

Service by mail is not sufficient to charge the owner. Carney v. Tully et al., 74 Ill. 375.

No person can have a lien under the mechanic's lien law without showing a strict compliance with its provisions.    Belanzer et al. v. Hersey et al., 90 Ill. page 70.

The appellant, to avoid the defect in the petition of a want of allegation of notice under said Sec. 30 of the statute, insists that the appellees waived that by their answer in the following paragraph, to wit:  "That they never had at any time, any notice, of any kind or character, that said Hinds was not paying for the lumber used in the construction of the said building until after the first two payments had been made to said Hinds on account of said contract." We do not think that such admission in the answer was sufficient to dispense with the allegation in the petition of the statutory notice, or the proof of the same, because when the answer is taken in full, it shows that upon the payment of the $200 at Peck's lumber office, after the supposed notice, the appellees' answer shows that they understood from the conduct of Peck, appellant, that the payment to Hinds and the $150 received by Peck, appellant, was satisfactory to the latter, and the answer further avers that appellees had no further notice but that Hinds had fully paid and satisfied "all claims of lumber and material appellant had furnished to Hinds for construction of the said dwelling house, until December 14, 1894, which was after the appellees had paid said Hinds the full amount of the contract for said building."

Peck v. Hinds.

So taking the answer as a whole it fails to admit the giving of the statutory notice.

The answer also retains a demurrer to the petition.

It is insisted by counsel for the appellant that the question of the sufficiency of the petition filed by appellant was not raised in the court below and therefore can not be raised in this court.

We are of the opinion, however, that the question was presented by the pleadings of the want of necessary allegations in the petition and that it was not necessary to call the court's especial attention to it, or the attention of the opposite counsel.

If the court's action in dismissing the petition on the face of the papers was correct, this court would sustain it, notwithstanding that defects were not particularly insisted upon in the court below.

The action of the trial judge should be sustained if it can be justified from the face of the papers.

But even admitting the want of allegation of the statutory notice in the petition was cured by the answer, we think that the evidence fails to show that the appellees owed Hinds anything after the acceptance of the two orders named, deducting the damages which appellees sustained on account of the failure of Hinds to perform the contract of building the house in a good, workmanlike manner, and in not completing it in the time required by the contract.

Appellees have the right to deduct such damages against the contract price, even as against the material-man.

The evidence as to whether appellees had notice, even verbally, of appellant's claim against Hinds for material furnished for the house before the last orders were accepted by appellees, and in regard to the damages claimed by them for failure on Hinds' part to build the house according to contract, and the consequent damages to appellee therefor, was conflicting, and without going into a critical examination of the evidence, we can say that we think that the evidence clearly sustains the contention of appellees, and that the court below was fully justified in decreeing the dis-

missal of appellant's petition. The decree of the court below is therefore affirmed.

Judge Crabtree, having tried the case in the court below, took no part in the decision here.