## HUDSPETH, GUARDIAN, *v.* KITCHEN ET AL.

[No. 6,732. Filed October 8, 1909. Rehearing denied December 16, 1909. Transfer denied March 11, 1910.]

1. GUARDIAN AND WARD.— *Report.— Exceptions.— Special Findings.—Motion for a Venire de Novo.—Action.*—Where the special findings, on exceptions to a guardian's final report, two items only of such report being contested, are sufficient, when considered along with the remainder of such report, upon which to base a judgment, a motion for a *venire de novo* should be overruled, such proceeding not being an ordinary civil action. p. 526.

2. GUARDIAN AND WARD.—*Contracts with Attorneys.*—A contract between a guardian and an attorney relative to attorneys' fees in the guardianship, is not conclusive upon the probate court. p. 528.

3. GUARDIAN AND WARD.— *Appointment.— Bonds.—Attorney and Client.—Fees.*—Compensation for the services of an attorney in securing the appointment of a guardian, and in the execution of his bond, is not payable out of the ward's estate. p. 529.

4. GUARDIAN AND WARD.—*Attorneys' Fees.—Allowance for.*—Guardians can be allowed only a reasonable sum for attorneys' fees; and if credit is asked for large sums paid an attorney pursuant to a contract with such attorney, such contract must be shown to be fair and reasonable. p. 529.

From Warrick Circuit Court; *Roscoe Kiper*, Judge.

Final report of Joseph M. Hudspeth, as guardian of Allie R. Kitchen and another, to which Allie R. Kitchen and another except. From the judgment rendered, the guardian appeals. *Affirmed.*

*Thomas W. Lindsey*, for appellant.
*Edward Gough* and *Roger D. Gough,* for appellees.

RABB, J.—Appellant was duly appointed guardian of appellees, and upon appellee Allie R. Kitchen's coming of age, filed his final report and asked to be discharged from his trust. In his final account he claimed credit for sums amounting in the aggregate to $324, paid out as attorneys' fees, for $50 for his own services, and for a certain amount for expenses incurred in conducting the business of his trust. Exceptions were filed by said appellee to this final account, on the ground that the charges for attorneys' fees and for his own services and expenses were unreasonable. The issues arising on the exceptions were submitted to the court for trial, and at the appellant's request a special finding of facts was made and conclusions of law stated thereon by the court. Appellant excepted to each conclusion of law, and his motions for a *venire de novo* and new trial were overruled, and judgment rendered requiring appellant to restate his account, taking credit for $275, and no more, for attorneys' fees, and $26.65 and no more, for his services.

It is insisted by appellant: (1) that the court below erred in its conclusions of law upon the facts found; (2) that the facts found were not sufficient to authorize judgment thereon, and that the court erred in overruling his motion for a *venire de novo;* (3) that the evidence is insufficient to support the finding of the court.

Appellant filed his final settlement and account in the court below, in which he charged himself with an aggregate sum of $716.60 received by him on account of his trust, and claimed credit for various items, principally expenses of guardianship. Among other items was the sum of $324.45, paid out as attorneys' fees, and the sum of $50 for his services. The exceptions filed called in question these two items alone in his account, all others, so far as the questions here are involved, were unchallenged, and it was the issue thus presented which the court tried, and upon which the finding was made. Therefore the only question the court was required to determine was what was a reasonable allow-

ance to be made to appellant for attorneys' fees in connection with the guardianship, and what was a reasonable compensation for appellant's services as guardian. Upon these issues appellant had the burden, and unless the facts established by the special finding affirmatively show that appellant was entitled to a greater sum than that allowed to him by the court for either one or both of these items, he must fail. A great deal of evidentiary matter is set out in the special finding. The only facts found, that are relevant to the issues raised by the exception, are that attorneys' services were performed for the guardian in the management of the trust that were reasonably worth $275, and the conclusions of law and the judgment of the court following them allows appellant credit for this sum in his account; and that his services as guardian were worth, reasonably, $26.65, and the conclusions of law and judgment of the court following allow appellant for this sum on this account. No error, therefore, intervened in the conclusions of law stated upon the facts found. It is urged that the finding is so deficient that no judgment could properly be rendered thereon, for the reason that the court does not state specifically for what sum the guardian shall take credit, or with what sum he shall charge himself.

This is not an ordinary civil action. It is an exception to the final report and account of a guardian, in which an issue is raised as to two items of credit claimed in the account challenged, all other items of the account both of charges and credits stand as they appear in the account, and the special finding of facts is to be read in connection with this account to which the exceptions are filed, and the proper judgment in such cases is that the guardian restate this account to conform to the finding and the judgment of the court, and when in this case the special finding is so read it is a sufficient finding of facts to support the judgment, and the appellant's motion for a *venire de novo* was properly overruled.

The facts disclosed by the evidence are that appellee Allie R. Kitchen was the wife of Jesse E. Kitchen, who was the owner of the fee in eighty acres of land in Warrick county, which was subject to a life estate in favor of his mother, and which was also subject to a mortgage thereon, executed by Jesse E. Kitchen and appellee Allie R. Kitchen to secure a debt of Jesse E. Kitchen for $700. Jesse E. Kitchen died the owner of said land and insolvent, leaving debts, besides said mortgage debt, of about $1,300, and leaving appellee Allie R. Kitchen, his widow, and Helen A. Kitchen, his child, as his only heirs. The wife and husband were not living together at the time of his death, and upon his death the husband of his sister took out letters of administration upon his estate, took possession of and converted to his own use personalty worth $100, and sold off of said land standing timber worth $150. In this condition of affairs appellant was appointed guardian of appellees upon suggestion of an attorney who had been consulted regarding the estate. Immediately after his appointment, without any investigation whatever as to the condition of the estate of his wards, he entered into a written contract with the attorney, who suggested and procured his appointment as guardian, whereby he, in consideration of the attorney's services in securing his appointment as guardian of appellees, and assisting in securing his bond and in looking after and protecting the interests of his wards, agreed to give the attorney one-half of the entire trust estate. Suit was brought by the guardian against the administrator of the husband's estate to recover the value of the timber sold by him off of the land, and $150 was recovered for the wards in this action. An application to remove the administrator was made by the guardian, in the name and on behalf of the wards, and upon this application the administrator was removed, and an administrator de bonis non appointed. Application was made by the administrator to sell the real estate to pay debts, making parties thereto the appellees, and also the mother of

decedent.   The mother appeared and asserted an interest in
the land, filing a cross-complaint, seeking to set aside a deed
by which she had conveyed some interest in the land to de-
cedent.   The evidence does not clearly disclose what interest
was conveyed by this deed from the mother to the son.   The
litigation between the mother on one side and the adminis-
trator and the appellees on the other resulted favorably to
the administrator and the appellees.   It appears from the
evidence that the decedent acquired some part of the title
to the eighty acres by inheritance from his father, but just
what part does not appear.   The inference is that as to this
part of the title there was no dispute between the parties, and
that the litigation related entirely to the interest in the land
conveyed by the mother to her son.   In all this litigation the
attorney with whom the guardian contracted represented
both the estate and the appellees, and for his services ren-
dered to the estate the attorney was paid by the adminis-
trator of the estate.   Two-thirds of the land was ordered sold
at administrator's sale, and was purchased by the appellant,
realizing just enough to pay the preferred claims, including
expenses of the administration, leaving nothing whatever for
the appellees.   One-third interest in the land which appellee
Allie R. Kitchen took as the widow of her deceased husband
was subsequently ordered sold to pay the expense of the
guardianship.   At the sale the appellant's attorney bid it
in for $516.50.   There were some small items of interest,
aggregating $50.10, which with the $150 recovered from
the administrator on account of timber sold from the
land made an aggregate of $716.60 of assets received by
appellant as guardian.   Appellant seriously contends
2.   that in this case the court was absolutely bound by the
contract entered into between him and the attorney.
and had no right to refuse to allow the guardian credit
for the sum paid out as attorneys' fees under it; and that,
after deducting what is claimed to be the expenses of the
guardianship the attorney was entitled to one-half of the

entire remainder of the estate. This is a mistaken view. If it were admitted that the contract entered into by the guardian was just and reasonable, after diligent investigation of the condition of the wards' estate, and with due regard to their interests, a different question would be presented; but this is not admitted, nor does the evidence require or permit of any such conclusion. The contract on its face was unjust and unreasonable to the wards, and one which the

3. guardian had no right to make, in that it provides that the wards' estate shall pay for the services of the attorney in procuring the appointment of the guardian and for procuring his bond. These are not services for which an attorney is entitled to compensation from the wards' estate. The law does not contemplate payment of attorneys' fees for services of this character. Evidence discloses that the contract was entered into without due regard to the interests of the wards and without knowledge or effort to acquire it on the part of the appellant as to the condition of his wards' estate; and without knowledge as to whether litigation would be required to protect the interest of the wards in any property, or what the character of the litigation would be, or what the services of an attorney could be obtained for.

When a guardian comes before the court claiming credit against the estate of his ward for large sums of money paid out as attorneys' fees, the burden is upon him to show

4. that services rendered, for which the money was paid, were necessary and the fees paid were reasonable; and if he claims the services were rendered and the money paid under a contract made without approval of the court, he must show that the contract was a fair one, made after the exercise on his part of such diligence as a reasonable and prudent person would exercise in entering upon such contract in his own behalf under similar circumstances. The evidence wholly fails to bring the contract between appellant

and the attorney within this rule, and appellant cannot complain of the finding of the court under the evidence.

Judgment affirmed.