### Adam Rabi Haj, Defendant in Error, v. The American Bottle Company, Plaintiff in Error.

### Gen. No. 5,756.

1. ATTORNEY AND CLIENT, § 13*—*method of serving notice to establish attorney's lien.* Notice required to be given by statute to enable an attorney to acquire a lien on his client's cause of action, may be served by mail.

2. ATTORNEY AND CLIENT, § 113*—*when employment contract by minor, valid.* A contract by a minor or by his next friend employing an attorney to prosecute a suit for the minor and to pay him a reasonable compensation fee is valid.

Error to the Circuit Court of La Salle county; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the April term, 1913. Affirmed. Opinion filed August 2, 1913.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

BOYS, OSBORN & GRIGGS, for plaintiff in error.

MAURICE T. MOLONEY, HENRY M. KELLY and JAMES J. CONWAY, *pro se,* for defendant in error.

MR. JUSTICE DIBELL delivered the opinion of the court.

The Act of July 1, 1909 (J. & A. ¶ 611) gives attorneys at law a lien upon all causes of action, including claims for unliquidated damages, placed in their hands by their clients for suit or collection, for the amount of any fee agreed upon between such attorneys and their clients, or in the absence of such agreement, for a reasonable fee for the services rendered or to be rendered on account of such causes of action, provided the attorneys shall serve notice in writing on the party against whom their clients have such causes of action, claiming such lien, stating therein the interest they have in such causes of action; and such lien shall attach to any judgment entered, and to any money recovered on account of such causes of action, from the time of service of such notice; and on petition by such attorneys or their clients, any court of competent jurisdiction, on not less than five days' notice to the adverse party, shall adjudicate the rights of the parties and enforce the lien. Adam Rabi Haj, a minor, and son of Sam Haj, was seriously injured while in the employ of the American Bottle Company at Streator, in La Salle county, and lost his right foot, and it was claimed in his behalf that the injury was due to the negligence of his employer. He and his father, as his next friend, by a written contract, employed James J. Conway, an attorney at Ottawa, to prosecute a claim against his employer for damages for said injury, and after correspondence with said employer looking to a settlement, Conway brought suit in favor of Adam Rabi Haj, by Sam Haj his next friend, against the American Bottle Company to recover such damages, and filed a

declaration and had service of summons on defendant. Plaintiff was then discharged by his employer, and his father and he removed to Detroit, and thereafter the father had correspondence with Conway. Thereafter the father and afterwards plaintiff returned to Streator, and they arranged a settlement with defendant, without the knowledge of Conway, and went to Ottawa with defendant's attorney, on a day when they knew a jury would be in attendance. Conway was sent for, but he was absent from the State. A jury was impanelled, defendant caused some proof to be heard, and a verdict for plaintiff for one thousand dollars was rendered and there was judgment thereon, and the same was paid to plaintiff or his father. Thereafter, Conway returned to Ottawa, and had an interview at Streator with his clients and with an officer of defendant Company, concerning Conway's fees, but no settlement thereof was reached. Conway then filed in said cause a petition to have his lien for attorney's fees enforced, and alleged therein a contract in writing with his clients and that he had notified defendants thereof and of his lien by a letter, duly mailed and addressed, postage prepaid, to the American Bottle Company at Streator, Illinois, on March 19, 1912, which was the day before the suit was begun. Defendant answered, denying that the alleged contract was binding and denying that defendant received notice thereof by mail. Thereafter the petition was heard by the court, and an order was entered, finding that such written contract was entered into between the plaintiff and his father and Conway, in which it was agreed that Conway's fees should be one-third of the amount of any judgment recovered or settlement obtained; and that Conway served notice in writing upon the defendant immediately after the execution of the contract, in which he informed defendant of the substance of the said contract, and that he claimed a lien upon any judgment that might be obtained or settlement that might be had. The court further found that

Conway was entitled to a lien on said judgment of one thousand dollars, in the sum of three hundred and thirty-three dollars and thirty-three cents, and entered judgment in his favor against the American Bottle Company therefor. From that order the defendant prosecutes this writ of error, and contends that the contract between Conway and his clients was void, and that service of notice in writing was not given pursuant to the statute.

The minor and his next friend could each make a valid contract for necessaries and could agree to pay what the same were reasonably worth. The general rule as to what are and what are not necessaries for a minor, and when a minor may or may not bind himself therefor, and the jurisdictions in which attorney's fees for a minor are or are not held to be necessaries, and whether a next friend may bind the minor therefor, are set forth in 22 Cyc. 590-595, and notes thereto. In a well considered opinion in *Munson v. Washband,* 31 Conn. 303, it was held that where the services of an attorney are needed for the personal relief, protection and support of an infant, he may lawfully contract therefor and bind himself to pay for them; and that it would be a reproach to the law to deny him the power to make necessary contracts for the commencement and prosecution of suits, where, under extraordinary circumstances, a suit is the only means by which he can have necessary relief. We are of opinion that, under the special circumstances here disclosed, this suit comes within the purview of necessaries for the minor, and that the minor could make a valid contract, and so could his next friend, whereby to hire an attorney to prosecute the suit and agree to pay him a reasonable compensation, and if a compensation was named in the contract which did not strike the conscience of a court called upon to enforce it as unconscionable, it would be enforceable as to amount unless it appeared from the proof that it was an unreasonable amount. Therefore, we hold that this con-

tract by the minor and by his next friend, by which he employed Conway to prosecute this suit, was valid. By the contract, Conway agreed to institute and prosecute the suit in the Circuit Court, and in case plaintiff recovered judgment, and the defendant should appeal to the Appellate Court, and to the Supreme Court, he agreed to attend to the cause in those courts also. The contract plainly meant that if plaintiff was defeated, Conway would receive nothing, and we do not consider it unconscionable or unreasonable, under such circumstances, that he should have one-third of what might be recovered upon a judgment or by a settlement. The minor is not resisting the enforcement of that contract, nor is he here claiming it is unreasonable. It is true that his father told defendant that Conway had not earned such an amount, but he was absent in Detroit, and did not know how much Conway had done in searching for testimony, examining the law and preparing for trial, and it is obvious that he did not take into account the fact Conway was liable to have to prosecute the suit in three courts and then receive nothing. But let us suppose that the minor and his next friend could not make a valid contract as to the amount Conway should receive for his services. If defendant received the written notice then its officers are presumed to know the law, and they therefore knew that the facts stated in the notice would give Conway a lien for whatever his services were reasonably worth, including the value of his contract to defend in the Appellate and Supreme Courts a favorable judgment in the Circuit Court. We are of opinion the defendant's officers could not ignore the written notice, if they received it, merely because the law would only enforce the contract for what the services were reasonably worth rather than for the specific share named therein. Neither could said officers assume that the share specified in the contract was unreasonable or would be so held by the courts. We are of opinion that the contract was enforceable against plaintiff for

the amount provided therein, in the absence of some testimony tending to reduce the amount to which Conway was entitled.

The service of the written notice, if any, was by mail. It is argued that this is not a proper method of serving a notice in writing, under this statute. In *Carney v. Tully*, 74 Ill. 375, a suit to enforce a mechanic's lien, it was held that notice by mail was not sufficient. No reason was given therefor, and the case seems never to have been again referred to by the Supreme Court, but it has been followed in mechanic's lien cases in *Peck v. Hinds*, 68 Ill. App. 319, and in *Sykes Steel Roofing Co. v. Bernstein*, 156 Ill. App. 500. But the principle of those cases has not been extended beyond suits to enforce mechanic's liens, which are under a statute which is strictly construed. In *Meyer v. Krohn*, 114 Ill. 574, it is held that proof of mailing notices, properly addressed, is *prima facie* evidence of their having been received by the party addressed, but that this is a mere presumption of fact which may be rebutted. In *Young v. Clapp*, 147 Ill. 176, it was held that proof of the mailing of an instrument to certain parties was *prima facie* evidence that they received it. To the same effect is *Bickerdike v. Allen*, 157 Ill. 95; *Ashley Wire Co. v. Illinois Steel Co.*, 164 Ill. 149; *Clark v. People*, 224 Ill. 554. We so held in *National Masonic ∠cc. Ass'n v. Seed*, 95 Ill. App. 43, and in *Kewanee Nat. Bank v. Ladd*, 175 Ill. App. 151. Clearly, if a party required by law to serve a written notice should prove that he prepared a written notice, inclosed it in an envelope, properly addressed it to the party to be notified, placed a proper postage stamp thereon, and put the letter in a mail box of the United States, and should produce proof by a carrier that he took up that particular letter and placed it in the post office, and by a postal clerk that he placed that particular letter in a mail bag for the post office addressed, and should prove by another postal

clerk at the office addressed that he took that particular letter out of the mail bag and delivered it personally to the person to be notified, that would certainly be proof to show that the written document was delivered to the party to be notified, and was therefore served upon him. It is a fact that letters properly addressed, stamped and mailed in the United States to be delivered at another post office in the United States, where the party addressed lives, usually reach their destination. It is conformable to the ordinary practice of the business world to assume, as the law does, *prima facie,* that a letter so addressed, stamped and mailed has reached the person to whom it is addressed. It is true that by other means, also furnished by the United States, a receipt for the document could be obtained. If proof is made that a notice was mailed, it is usually impossible for the opposite party to furnish any direct proof that it was not mailed, and the method here followed may therefore not be a desirable method of giving notice; but under the above authorities, we feel bound to hold that it is a lawful method of doing so. It is subject to be rebutted by evidence that the notice was not in fact received, but it is held that the positive denial of its receipt by the person addressed does not necessarily nullify the presumption, but leaves the question for the determination of the court or jury trying the question, with such weight given to the presumption as it may be entitled to, but with the burden of proving receipt of the notice remaining upon the party who asserts it. 16 Cyc. 1070. The alleged notice was sufficient in form, and Conway proved, by himself and two others, its preparation and inclosure in an envelope, addressed to the defendant at Streator, Illinois, the placing of the proper postage thereon, and the placing of the envelope in a box, which was stipulated to be under the exclusive control of the United States. Some of this evidence is criticised as unreasonable and as containing earmarks of having been prepared afterwards, but the trial judge believed the petitioner's wit-

nesses, and there is no basis upon which we can reject that conclusion. Defendant proved that there were only three men at its office at Streator who had any authority to open mail addressed to defendant, or who ever did in fact open such mail, and that during the month of March, 1912, these three men were on duty, and each of them testified that he received no such notice. It however appeared, from the evidence of one of such officers, that during the arrangement for the settlement with plaintiff he was well aware of the fact that there was a written contract between Conway and his client, by which Conway was to have one-third of whatever might be recovered by judgment or settlement. This officer testified that he obtained that information from the plaintiff's father. If the court had held upon this evidence that the presumption that this notice had been received was overcome and that therefore petitioner was not entitled to a lien, we are of opinion that that conclusion from the evidence could not have been disturbed in this court. But the court below found from the evidence that this notice in writing was served upon defendant, in other words, that it was received through the mail. The trial judge saw the witnesses and he may have seen that in their manner of testifying which convinced him that the knowledge which this officer had of the details of the contract at the time of the settlement with petitioner was in fact obtained by receipt of the written notice. The trial judge possessed opportunities which we do not have to determine the weight and credibility to be attached to the testimony of these officers of defendant that no written notice had been received by them. We are unable to see that we can demonstrate from the evidence that the court should have found the other way. For these reasons, the order of the court below must be affirmed.

*Order affirmed.*