# CASES

## SECOND DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1914

---

**Frank J. Burns et al., Appellees, v. Illinois Central Railroad Company, Appellant.**

**Gen. No. 5,824.   (Not to be reported in full.)**

Appeal from the Circuit Court of Kankakee county; the Hon. CHARLES B. CAMPBELL, Judge, presiding. Heard in this court at the April term, 1914. Reversed. Opinion filed April 15, 1914. Rehearing denied October 7, 1914.

### Statement of the Case.

Petition by Frank J. Burns and others against the Illinois Central Railroad Company to enforce an attorney's lien. One Joe Lococo and his uncle employed petitioners to prosecute a claim against the defendant for personal injuries sustained by Lococo, and after a disagreement between the petitioners and the uncle the petitioners ceased to act and the matter was placed in the hands of another. The petitioners notified de-

(191)

fendant by letter that they would expect a reasonable compensation in case of settlement. Thereafter the defendant settled with Lococo but his uncle procured another attorney to start suit. In the suit Lococo recovered a verdict for six thousand dollars, which was paid. Petitioners then filed the above mentioned petition for an attorney's lien and a decree was entered in their favor for two hundred dollars. To reverse the decree, defendant appeals.

A former appeal was before the Supreme Court, on the ground that a constitutional question was involved, in *Burns v. Illinois Cent. R. Co.*, 258 Ill. 302.

Hunter & Schneider, for appellant; John G. Drennan, of counsel.

Frank J. Burns, for appellees.

Mr. Presiding Justice Whitney delivered the opinion of the court.

## Abstract of the Decision.

1. Appeal and error, § 1002*—*when sufficiency of evidence to show party was not an attorney not preserved for review.* On appeal from a decree awarding an attorney's lien, defendants cannot raise the question that there was no proof to show that one of the petitioners was an attorney where such issue was not raised by answer to the petition.

2. Infants, § 21*—*right to contract for attorney's services.* Attorney's services are necessaries for which a minor, or his next friend, may make a binding agreement to pay a reasonable compensation.

3. Attorney and client, § 53*—*evidence sufficient to show employment by minor.* Evidence *held* sufficient to show the employment of attorneys by a minor, where the minor lived at his uncle's house and the uncle engaged the attorneys, and afterwards one of the attorneys had several conversations with the minor and his uncle at the latter's house.

4. Attorney and client, § 146*—*sufficiency of notice for lien.* Service of a notice for an attorney's lien by mail is insufficient, since personal service of notice is required.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.