## Irving G. Zazove, Appellee, v. Minneapolis, St. Paul & Sault Ste. Marie Railway Company, Appellant.

### Gen. No. 25,468.

1. INFANTS, § 21*—*when attorney's services are necessaries.* The professional services of an attorney rendered in protecting and enforcing the civil or property rights of a minor may be a necessary for which the minor is bound.

2. INFANTS, § 34*—*who is "next friend."* A next friend is "one who, without being regularly appointed guardian, acts for the benefit of an infant, married woman or other person not *sui juris.*"

3. INFANTS, § 34*—*who may act as next friend.* The stepmother of a minor with whom the latter lives and who stands *in loco parentis* as to the minor has a right to act as the minor's next friend, to employ an attorney to act for the benefit and in the interest of the minor.

4. ATTORNEY AND CLIENT, § 127*—*when attorney is entitled to reasonable fee.* Where in an action under the Attorney's Lien Act (Hurd's Rev. St. ch. 82, sec. 55, J. & A. ¶ 611) it appears that the stepmother of a minor, with the consent of her husband, who is the minor's father, and the acquiescence of the minor, signs a contract on the latter's behalf retaining one as attorney to prosecute a claim of the minor for personal injuries against a railway company, such attorney to receive 50 per cent of the gross recovery, and the railway company is duly notified of the arrangement and of the attorney's claim of a lien under the statute, and thereafter, in prosecution of such arrangement, the attorney brings an action in the name of the minor by the stepmother as next friend and performs services in the minor's interest, the railway company recognizing him as the minor's attorney and its representative conferring with him as to a settlement and subsequently effects a settlement of the claim for $500 in the probate court, in which settlement the attorney did not take part, *held* that the attorney is entitled to recover a reasonable fee against the railway company and that $250 is not an unreasonable amount.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Appeal from the Municipal Court of Chicago; the Hon. HARRY C. MORAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1919. Affirmed. Opinion filed July 14, 1920.

JOHN L. McINERNEY, for appellant.

IRVING G. ZAZOVE, *pro se.*

MR. JUSTICE GRIDLEY delivered the opinion of the court.

It is sought by this appeal to reverse a judgment for $250, entered April 15, 1919, by the municipal court of Chicago against the defendant railway company. The plaintiff is an attorney at law, practicing in the City of Chicago, and his action is based upon the statute creating an attorney's lien. (Hurd's Rev. St. Ill. ch. 82, sec. 55, J. & A. ¶ 611.) After a hearing the court found the issues against the railway company and assessed plaintiff's damages at $250, and the judgment followed.

On April 28, 1917, William Maziarka, a minor about 12 years of age, while on the right of way of the Illinois Central Railroad Company, was seriously injured by being struck by an engine of the defendant railway company. Shortly thereafter the following contract was executed and delivered:

"I hereby retain Irving G. Zazove, attorney at law, to prosecute my claim against the Illinois Central Railroad Co., et al., for injuries sustained by me on or about the 28 day of April, 1917. The compensation of my said attorney is to be 50 per cent of the gross amount recovered. It is understood, however, that my said attorney is to have no compensation unless damages are paid on account of said claim.

"(Signed) WM. MAZIARKA, a minor, by his mother and next friend, FRANCISKA MAZIARKA.

"I hereby accept the above in all of its terms.
(Signed) IRVING G. ZAZOVE."

It further appears from the evidence, in substance,

536    Appellate Courts of Illinois.

Zazove v. M., St. P. & Sault Ste. Marie Ry. Co., 218 Ill. App. 534.

that the contract was actually signed by Franciska Maziarka, in the presence of Jacob Maziarka, father of the minor, that William, the minor, did not sign it, but he knew of its execution and afterwards consulted with plaintiff as his attorney; that at the time the contract was signed plaintiff supposed that Franciska Maziarka was the mother of the minor, but she was in fact his stepmother; that Jacob Maziarka and Franciska Maziarka, husband and wife, and the minor, and the minor's brothers and sisters, all lived together as a family; that Jacob Maziarka, the father, requested that she sign the contract and look after the interests of the minor, saying: "Let her sign it; she will go through with everything; I am working and I do not want to lose any time"; that during the month of May, 1917, proper notices in writing of an attorney's lien were duly served by plaintiff upon both the Illinois Central Railroad Company and the defendant; that subsequently plaintiff had conferences with representatives of defendant and made efforts to obtain a settlement of the claim but without success; that subsequently, after interviewing witnesses and making investigations, plaintiff, as attorney, commenced suit in the superior court of Cook county, on behalf of said minor "by his mother and next friend, Franciska Maziarka" against the defendant and said Illinois Central Railroad Company, and obtained leave for the plaintiff in that action to sue as a poor person; that subsequently a declaration consisting of eight counts was filed in said action charging the defendant and said Illinois Central Railroad Company with negligence; that subsequently plaintiff rendered further services in connection with said suit, and made further unsuccessful efforts to reach a settlement of the claim; that on October 23, 1917, and while said suit was pending, a petition was filed by another attorney on behalf of Jacob Maziarka, father of the minor, in the probate court of Cook county, praying that said

father be appointed as guardian of the estate of the minor and he was so appointed; that on November 14, 1917, upon petition filed, leave was granted to said guardian by said probate court to settle said claim of the minor for the sum of $500, and in said order the guardian was authorized to pay as attorney's fees 25 per cent of the net proceeds; that said probate court was not informed at the time of the entry of said order that a suit was pending in said superior court or that plaintiff held the said contract in connection with said claim, although a representative of defendant who had knowledge of those facts was present in said probate court at the time; that subsequently the sum of $500 was paid to said guardian by the defendant, which is all the money paid by defendant to any one on account of the claim of said minor; and that defendant at no time made any promise to any one to pay any fees to plaintiff. It further appears from plaintiff's testimony that, while he was negotiating with defendant's representative for a settlement and prior to the commencement of the suit in the superior court, he refused an offer of $900 to settle the claim.

On the trial the attorney for defendant did not contend that the amount of $250, claimed by plaintiff, was unreasonable or unconscionable. His sole contention there was, and is in this court, that no valid or enforceable contract was made with plaintiff and, hence, no lien was created by the service of the notice. He stated in the trial court: "My position is simply that the contract is not a legal contract, and, therefore, defendant is not liable; that the minor never signed it, and that the stepmother had no right to execute a contract on behalf of the minor for anything, necessities or anything else, without the minor's signature."

It is provided in the Attorney's Lien Act (chapter 82, sec. 55, Hurd's Rev. St., J. & A. ¶ 611):

"That attorneys at law shall have a lien upon all claims, demands and causes of action, including all

claims for unliquidated damages, which may be placed in their hands by their clients for suit or collection, or upon which suit or action has been instituted, for the amount of any fee which may have been agreed upon by and between such attorneys and their clients, or, in the absence of such agreement, for a reasonable fee, for the services of such attorneys rendered or to be rendered for their clients on account of such suits, claims, demands or causes of action: *Provided, however,* such attorneys shall serve notice in writing upon the party against whom their clients may have such suits, claims or causes of action, claiming such lien and stating therein the interest they have in such suits, claims, demands or causes of action, and such lien shall attach to any verdict, judgment or decree entered and to any money or property which may be recovered, on account of such suits, claims, demands or causes of action, from and after the time of service of the aforesaid notice. On petition filed by such attorneys or their clients any court of competent jurisdiction shall, on not less than five days' notice to the adverse party, adjudicate the rights of the parties and enforce such lien in term time or vacation.''

''It is well established, as a general rule, that an infant or his estate may be held liable for necessaries furnished him.'' (22 Cyc. 590.) ''The professional services of an attorney may be a necessary for which an infant is bound, whether such attorney be employed to enforce or protect the civil or property rights of the infant, or to defend him in a criminal action or prosecution.'' (22 Cyc. 594.) The term ''next friend'' is defined in Bouvier's Law Dictionary as: ''One who, without being regularly appointed guardian, acts for the benefit of an infant, married woman, or other person not *sui juris.*'' In the proviso in section 18 of the Guardian and Ward Act (chapter 64, Hurd's Rev. St., J. & A. ¶ 6015), it is provided ''that any suit or proceeding may be commenced and prosecuted by any minor by his next friend, without any previous authority or appointment by the court, on

such next friend entering into bond for costs, and filing same in the court in which, or with the justice of the peace before whom such suit or proceeding is instituted.'' In 14 Ruling Case Law, p. 290, par. 57, it is said: ''It is evidently a necessary incident to the duty of conducting a suit or maintaining a defense for an infant that the next friend or guardian *ad litem* should have the power of selecting and employing counsel.'' In *Paskewie v. East St. Louis & S. Ry. Co.,* 281 Ill. 385, 388, it is decided that ''the duty of the next friend begins and ends with the prosecution of the infant's suit,'' and that ''under our statutes the only person authorized to receive and take charge of the property or estate of a minor is the legally qualified guardian, and it is the general rule that no one but the legal guardian of an infant has authority to receive payment and enter satisfaction of a judgment recovered in favor of such infant.''

In *Haj v. American Bottle Co.,* 182 Ill. App. 636, it appears, in substance, that Adam Rabi Haj, a minor and son of Sam Haj, was seriously injured while in the employ of the American Bottle Company at Streator, Illinois, and it was claimed that his injuries were due to the negligence of his employer; that the minor and his father, as next friend, by a written contract, employed an attorney named Conway to prosecute the minor's claim for damages, and subsequently Conway brought suit in the name of the minor, plaintiff, by Sam Haj, as his next friend, and against the employer, as defendant; that the day before the suit was brought Conway notified the employer by letter of his contract and claim of lien for attorney's fees; that thereafter the minor and his father, without the knowledge of Conway, arranged a settlement with the defendant, and, in the pending cause, the defendant caused a jury to be impaneled and some proof to be heard, and a verdict and judgment were rendered in favor of the minor for $1,000 and the amount was paid to the minor

or his father; that thereafter Conway filed in said cause his petition to enforce his lien for attorney's fees; that upon the hearing on the petition the court found that a contract had been entered into between Conway and the minor and his father, by which Conway was to receive one-third of the amount of any judgment recovered or settlement obtained; that Conway had notified the defendant in apt time by letter of the substance of his contract and of his claim of lien, and that he was entitled to a lien on said judgment for one-third of $1,000, and the court entered judgment in that amount in his favor and against said defendant. On appeal it was contended on behalf of the defendant (1) that the contract between Conway and his clients was void and (2) that service of notice in writing was not given the defendant pursuant to the statute. The Appellate Court for the second district decided adversely to both contentions and affirmed the judgment. In discussing the first contention, Mr. Justice Dibell said (p. 639):

"The minor and his next friend could each make a valid contract for necessaries and could agree to pay what the same were reasonably worth. * * * We are of opinion that, under the special circumstances here disclosed, this suit comes within the purview of necessaries for the minor, and that the minor could make a valid contract, and so could his next friend, whereby to hire an attorney to prosecute the suit and agree to pay him a reasonable compensation, and if a compensation was named in the contract which did not strike the conscience of a court called upon to enforce it as unconscionable, it would be enforceable as to amount unless it appeared from the proof that it was an unreasonable amount. Therefore, we hold that this contract by the minor and by his next friend, by which he employed Conway to prosecute this suit, was valid. * * * But let us suppose that the minor and his next friend could not make a valid contract as to the amount Conway should receive for his services.

If defendant received the written notice then its officers are presumed to know the law, and they therefore knew that the facts stated in the notice would give Conway a lien for whatever his services were reasonably worth.''

This *Haj* case was subsequently reversed by the Supreme Court (261 Ill. 362), upon the sole ground, however, that under the provisions of the Attorney's Lien Act there must be personal service of the notice in writing, and that a notice by mail was not sufficient. No other point was discussed. In the present case the sufficiency of plaintiff's notice in writing of his claim for lien is not questioned.

In view of the holdings of the Appellate Court for the second district in the *Haj* case, and under the peculiar facts disclosed in the present case, we are of the opinion that the plaintiff's right to an attorney's lien should be sustained and the judgment appealed from affirmed. Franciska Maziarka, the stepmother of the minor, William Maziarka, stood *in loco parentis* as to him. We think that she had a right to act as the minor's next friend, to employ an attorney to act for the benefit and in the interest of the minor. With the consent of Jacob Maziarka, her husband and the father of the minor, and with the acquiescence of the minor, she signed on behalf of the minor a contract whereby plaintiff as attorney was retained to prosecute the minor's claim for personal injuries sustained by him, and the defendant railway company was duly notified of the arrangement and of plaintiff's claim of lien under the statute. Thereafter, in furtherance of the arrangement, plaintiff brought suit in the name of the minor by Franciska Maziarka as next friend, and performed services in the minor's interest. Thereafter the defendant railway company recognized plaintiff as the minor's attorney, and its representative had conferences with plaintiff relative to a settlement of the case. Thereafter a settlement of the minor's

claim was made in the probate court, as above out-
lined, in which plaintiff did not take part. We do not
think that the fact that the minor did not himself sign
the contract should prevent a recovery by plaintiff.
The claim or cause of action was placed in plaintiff's
hands with the acquiescence of the minor and plain-
tiff rendered services. Under the statute he was at
least entitled to a reasonable fee. And we cannot say
under all the circumstances disclosed that the amount
allowed by the trial court was an unreasonable amount.

The judgment of the municipal court is affirmed.

*Affirmed.*

MR. PRESIDING JUSTICE BARNES and MR. JUSTICE
MATCHETT concur.