**Lawrence Goldberg, Minor, by Esther Goldberg, His Mother and Next Friend, Appellee, v. Morris Perlmutter, Defendant. S. Yale Fischman, Appellant.**

**Gen. No. 41,273.**

Opinion filed January 21, 1941.

David I. Spark, of Chicago, for appellant.

Harold Rivkin, of Chicago, for appellee.

Mr. Justice John J. Sullivan delivered the opinion of the court.

Attorney John A. Bloomingston instituted suit in behalf of Lawrence Goldberg, a minor, by Esther Goldberg, his mother and next friend, against Morris Perlmutter, for personal injuries suffered by said minor. Sometime prior to January 5, 1940, Mr. Bloomingston effected a settlement of the claim for $1,625. On January 5, 1940, Esther Goldberg filed a petition in this cause in which she prayed that attorney S. Yale Fischman "be required to sign a release of attorney's lien in said cause." The respondent, Fischman, filed an answer in which he alleged *inter alia* "that the defendant herein [Perlmutter] refused . . . to make said settlement until there had been an adjudication of your respondent's lien for services" and prayed "that an order of court be entered allowing to your respondent . . . $406.25 as and for attorney's fees as attorney for the guardian of such minor's estate." On January 24, 1940, an order was entered by the trial court in which it was adjudged that "the respondent, S. Yale Fischman, has no attorney's lien against the funds to be derived out of this case." This appeal is from that order.

The facts are undisputed. On November 13, 1937, Lawrence Goldberg, the minor son of Isador Goldberg

and Esther Goldberg, sustained injuries by reason of having been struck by an automobile owned and operated by Morris Perlmutter, the defendant herein. On November 15, 1937, the minor's father retained and employed the respondent, Fischman, as an attorney to prosecute the minor's claim on a contingent basis of 25 per cent of the amount of any judgment or settlement recovered or received. Thereafter, with the approval of the father of said minor, the respondent procured the appointment of the Trust Company of Chicago as guardian of the minor and himself as attorney for such guardian. On November 16, 1937, the respondent prepared a notice of attorney's lien, which he caused to be served upon the defendant by forwarding same to the latter by registered mail, said notice of attorney's lien having been received by defendant on November 17, 1937. On November 17, 1937, respondent received the following letter on the stationery of attorney John R. Bloomingston:

"November 16, 1937.

"Mr. Yale Fischman,
100 N. LaSalle St.,
Chicago, Ill.

"Dear Mr. Fischman:

"My wife, Esther Goldberg, has already retained John A. Bloomingston to prosecute the claim of our son, Lawrence Goldberg for injuries received by him on November 13, 1937. Mrs. Goldberg signed a contract with Mr. Bloomingston on Monday morning, having been referred to him by our family physician, Dr. Lifschutz.

"Under the circumstances I am requesting that you do nothing further in our behalf.

"Yours very truly,
(signed) Isador Goldberg."

Later the same day Esther Goldberg, the mother of the minor, called at respondent's office and asked him to retire from the case. No adequate reason having been advanced for his withdrawal, Fischman refused to withdraw as attorney but he was not permitted to participate in the prosecution of the minor's claim. Thereafter, as heretofore stated, attorney Bloomingston filed suit upon the minor's claim against the defendant, Perlmutter, and subsequently effected a settlement of same for $1,625. Respondent rendered no legal services in connection with the prosecution or settlement of the minor's claim because he was instructed not to do so by said minor's parents after they had employed attorney Bloomingston.

It has been repeatedly held that a contract by a minor or by his next friend employing an attorney to prosecute a suit for the minor and agreeing to pay him a reasonable sum as his fee is valid and enforcible. In *Haj v. American Bottle Co.*, 182 Ill. App. 636, Adam Rabi Haj, the minor son of Sam Haj, was seriously injured while in the employ of the American Bottle Company and lost his right foot. It was claimed in his behalf that the injury was due to the negligence of his employer. His father, as his next friend, employed one Conway, an attorney, to prosecute his claim against his employer and Conway instituted a suit in behalf of the minor against said employer. Thereafter the father arranged a settlement with defendant for $1,000 without the knowledge of Conway, which amount was paid. Conway filed a petiton in the same suit to have his lien for attorney's fees enforced. The defendant claimed that the contract between Conway and the father was not binding upon the minor. The hearing upon said petition resulted in the entry of an order which found that the contract was binding upon the minor and that Conway was entitled to his lien on the $1,000 paid in settlement to the extent of $333.33 and

directed that judgment be entered in his favor for that amount. In affirming the judgment in that case the court used the following language on p. 639:

"We are of opinion that, under the special circumstances here disclosed, this suit comes within the purview of necessaries for the minor, and that the minor could make a valid contract, and so could his next friend, whereby to hire an attorney to prosecute the suit and agree to pay him a reasonable compensation, and if a compensation was named in the contract which did not strike the conscience of a court called upon to enforce it as unconscionable, it would be enforceable as to amount unless it appeared from the proof that it was an unreasonable amount. Therefore, we hold that this contract by the minor and his next friend, by which he employed Conway to prosecute this suit, was valid." (To the same effect are *Burns v. Illinois Cent. R. Co.*, 190 Ill. App. 191 (Abst.), and *Zazove v. Minneapolis, St. Paul & Sault Ste. Marie Ry. Co.*, 218 Ill. App. 534.)

As already shown, neither the fact that the father of the minor entered into the contract with respondent whereby the latter was to prosecute the minor's claim for 25 per cent of the amount recovered nor the reasonableness of the compensation specified in the contract of employment is disputed.

A client unquestionably has the right to discharge his attorney at will and engage another, but where he exercises such right without good cause and thus renders it impossible for such first attorney to perform his contract of employment he is bound to compensate the first attorney in accordance with his contract with him. Discussing this question in *Morris v. Ekstrom,* 291 Ill. App. 614 (Abst.), the court said:

"It is well settled that where an attorney is employed to perform legal services and his client puts it out of his power to comply with the contract, as by compromising without the attorney's knowledge or

consent, he is entitled to compensation for his services in compliance with the terms of the contract. *Millard v. County of Richland,* 13 Ill. App. 527, 534; *Town of Mt. Vernon v. Patton,* 94 Ill. 65; *Barnes v. Barnes,* 225, Ill. App. 68.''

In *Caruso v. Pelling,* 271 Ill. App. 318, Sam Caruso, a minor, by Malia Caruso, his mother and next friend, brought an action against Ray Pelling and others to recover damages for personal injuries claimed to have been sustained by the minor. The case was settled by the payment of $1,500. Charles G. Palmer, a practicing lawyer in Chicago, who had been retained to prosecute the personal injury claim and who was later supplanted by other counsel, filed a petition claiming a lien under the Attorney's Lien Act. After a hearing on Palmer's petition and the answer thereto, his petition was dismissed. In that case the facts were almost identical with the facts here. There, as a result of a conference between Palmer, the minor's mother and his 22-year-old sister, in which the matter of retaining him to represent the minor in the prosecution of his claim for injuries was thoroughly discussed, an agreement was entered into between the mother and Palmer in accordance with which the latter agreed to handle the minor's claim and the mother agreed to pay him for his services 33 per cent of the amount received or recovered by settlement or suit. On the day following such agreement Palmer sent a notice to the defendants advising them of his attorney's lien. Palmer continued to work on the preparation of the case until sometime later when he received a letter written by the minor's sister advising him that they had retained other counsel. The other counsel filed suit and obtained a settlement of $1,500. Palmer in his petition for the enforcement of his attorney's lien claimed that under his contract of employment by the mother he was entitled to $500, which was one third of the amount re-

ceived in settlement. In reversing the order of the trial court which dismissed Palmer's petition, this court stated on p. 323:

"Nor are the defendants in a position to contend that petitioner should receive only the reasonable value of the services rendered because the Attorney's Lien Act provides that the attorney shall have a lien 'for the amount of any fee which may have been agreed upon by and between such attorneys and their clients, or, in the absence of such agreement, for a reasonable fee, for the services of such attorneys rendered or to be rendered.' The amount of the fee having been agreed upon between the petitioner and his client, petitioner is entitled to the amount specified in his contract, of which the defendants were notified."

There is no question in this case but that respondent complied with the provisions of the Attorney's Lien Act (par. 14, ch. 13, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 9.13].) Did respondent's discharge by the parents of the minor, admittedly without cause, deprive him of his statutory attorney's lien? We are impelled to hold that it did not. "A client cannot by discharging an attorney, except for good cause, deprive him of his lien." *Tulka v. Chicago City Ry. Co.,* 259 Ill. App. 234. Respondent's attorney's lien accrued and attached to the minor's claim from the time it was placed in his hands for prosecution and it was never lost to him, notwithstanding the fact that the parents of the minor made it impossible for him to institute suit to enforce the claim and notwithstanding the further fact that such suit was instituted by another attorney. So long as respondent was properly employed and his attorney's lien had legally accrued and attached to the claim, such lien is none the less valid because the interests of a minor are involved or because respondent actually rendered no services in the prosecution of the claim when he was prevented from so doing without fault on his part. In our opin-

ion his lien remains in full force and effect and is just as enforceable under the statute as if he had instituted the suit and effected the settlement of the minor's claim.

For the reasons stated herein the order or judgment of the circuit court is reversed and the cause is remanded with directions that the respondent, Fischman, be adjudged to have a valid, enforceable attorney's lien against any amount recovered on or received in settlement of the minor's claim and that such further proceedings be had as are not inconsistent with the views herein expressed.

*Judgment reversed and cause remanded with directions.*

FRIEND, P. J., and SCANLAN, J., concur.