**FUERST et al. v. NOELL et al.**
No. 13320.

. Circuit Court of Appeals, Eighth Circuit.
July 22, 1946.

· Wayne Ely, of St. Louis, Mo., for appellants.

Samuel H. Liberman, of St. Louis Mo. (Donald J. Meyer, of St. Louis, Mo., on the brief), for appellees.

Before SANBORN, WOODROUGH, and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

This appeal is from a judgment in an interpleader action brought by the Pennsylvania Railroad Company under the Federal Interpleader Act[1] against all of the parties to this appeal. The judgment dismissed the cross-bill and claim of the appellants upon the ground that it failed to state a claim upon which relief could be granted, and awarded so much of the impleaded fund as was in controversy to Charles P. Noell.

The bill in interpleader filed by the Railroad Company June 5, 1945, shows that Noell is an attorney and a citizen of Missouri; that Harry G. Fuerst is a citizen of Ohio and an attorney licensed to practice law in that State and in Illinois; that Ralph M. Schwartzberg and Mark T. Barnett are citizens and attorneys of Illinois; that James Monroe Jones and Alta Van Skyke are citizens of Indiana; that Jones on November 10, 1944, brought an action against the Railroad Company in the court below to recover damages for personal. injuries sustained on March 16, 1942, and obtained a judgment for $150,000; that Charles P. Noell represented Jones in that action; that the appellants, Fuerst, Schwartzberg and Barnett, claim that on April 14, 1942, Jones, by Alta Van Skyke, his mother and next friend and guardian, employed them to represent him with respect to his claim for damages; that on June 19, 1942, they commenced, on behalf of Jones, a suit in the Superior Court of Cook County, Illinois, entitled, "James M.

Jones, a minor, by Alta Van Skyke, his next friend, Plaintiff, vs. Pennsylvania Railroad Company, Defendant," for $150,-000 damages for the injuries sustained by Jones on March 16, 1942; that on April 30, 1942, the appellants notified the Railroad Company of their attorneys' lien for 33⅓ per cent of any amount recovered by suit or settlement; that the Railroad Company, on July 13, 1942, filed its answer in the suit pending in Cook County, Illinois, and the case was noticed for trial; that thereafter on June 19, 1943, the appellants filed a petition in the Cook County court for enforcement of their attorneys' lien, asserting that, under their contract of employment, they were entitled to 33⅓ per cent of any recovery; that the suit in Cook County, Illinois, is still pending; that on July 11, 1942, a suit was filed by Noell in the Circuit Court of the City of St. Louis, Missouri, entitled, "James Monroe Jones by Alta Van Skyke, his guardian, vs. Pennsylvania Railroad Company," to recover for the injuries sustained by Jones on March 16, 1942; that this cause was tried twice in the State court before Noell dismissed it and on November 10, 1944, brought the action in the United States District Court which resulted in the judgment for $150,000.

The bill then alleges that the Railroad Company is faced with conflicting claims for attorneys' liens, the appellants claiming a lien under the statutes of Illinois, and Noell claiming a lien under the statutes of Missouri.

The Railroad Company deposited in the registry of the court $150,246.60, the amount of the judgment with interest, and was released from further liability. The District Court required the defendants to answer the bill in interpleader.

Thereafter Noell, on June 7, 1945, stipulated with the appellants that the portion of the fund in dispute between them was $50,082.20, and that the balance might be paid over to Jones free and clear of any attorneys' lien or claim.

The appellants on June 25, 1945, filed their answer, cross-bill and claim. They

---

[1] 28 U.S.C.A. § 41(26); see also Federal Rules of Civil Procedure, rule 22, 28 U.S.C.A. following section 723c.

admitted all of the allegations of the bill of interpleader. For their claim they alleged that on April 14, 1942, Jones was a minor and Alta Van Skyke was duly appointed the guardian of his person and estate by the Probate Court of Marion County, Indiana; that on that day the appellants and Alta Van Skyke entered into an agreement, by the terms of which she employed them to represent her and Jones for the purpose of collecting the claim of Jones against the Railroad Company for the injuries sustained by him on March 16, 1942; that it was agreed that for their services they were to receive as compensation one-third of any amount recovered by suit or settlement; that, pursuant to their employment, they did all that it was possible for them to do,—investigated the facts and law relating to the claim of Jones, interviewed witnesses, filed suit on June 19, 1942, in the Superior Court of Cook County, Illinois; placed the suit on the trial calendar, prepared the case for trial, negotiated for a settlement with the Railroad Company, secured from it an offer of $125,000 to settle the claim, of which amount the appellants offered to pay over to Jones and Alta Van Skyke, as his guardian, $100,000.

The appellants further alleged that their employment by Alta Van Skyke was with the full knowledge, consent, and approval of Jones; that he became of age in September, 1944; that he has never disapproved of their employment and has never disaffirmed it; that, after they had filed suit in Cook County, Illinois, and about July 9, 1942, Noell, without communicating with them and without their knowledge, procured and accepted employment as counsel from Alta Van Skyke and brought the actions in Missouri which are referred to in the bill of interpleader; that about the time of the intervention of Noell, Alta Van Skyke, without just cause or excuse, told appellants that she was discharging them and did not want them to further represent her son; that they were prevented from completing their services by reason of the actions of Alta Van Skyke and Noell, "which said actions were improper and unlawful and without any just cause or reasonable excuse."

The appellants asserted that, under the statutes and laws of Illinois, they have a valid and subsisting attorneys' lien for one-third of the fund deposited in court by the Railroad Company, which lien is superior to any lien that Noell could have, and that they are entitled to the $50,082.20 in controversy between them and Noell.

On July 18, 1945, Noell filed his interplea and claim, asserting that on September 11, 1944, he was employed by Jones to prosecute his claim for damages against the Railroad Company under a contract in which Jones agreed to pay Noell one-third of any recovery; that, as a result, the suit of November, 10, 1944, was instituted and the judgment for $150,000, represented by the deposit in the registry of the court, was recovered; that, by virtue of his contract with Jones, Noell has a valid lien, under Missouri law, for one-third of the fund deposited.

There was also filed in the interpleader action a "joint and separate answer of defendants Charles P. Noell, James Monroe Jones and Alta Van Skyke," asserting, in effect, that the controversy is one between the appellants, on the one hand, and Jones on the other, and is not between the appellants and Noell.

On July 18, 1945, Jones, Noell and Alta Van Skyke filed their motion to dismiss the cross-bill and claim of the appellants on the ground that it failed to state a claim upon which relief could be granted. The court entered an order granting the motion on December 27, 1945. The appellants moved to set aside the order, but their motion was denied upon the ground that the appellants' lien, if any, terminated when Jones became of age.

This Court has repeatedly said that there is no justification for dismissing a complaint for insufficiency of statement unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim. Dennis v. Village of Tonka Bay, 8 Cir., 151 F.2d 411, 412, 413 and cases cited. The appellants were entitled to the benefit of this rule. The appellees, by their motion, admitted the exis-

tence of the claim as stated by the appellants, and of all facts provable in support of the claim. Nothing in the appellants' challenged pleading indicates that Alta Van Skyke, as guardian of Jones, was without authority to employ them, or that the lien which they assert is now invalid or unenforceable under the law of Indiana[2] or that of Illinois.[3]

Noell contends that "The public policy of Missouri does not permit the enforcement of any foreign law that would subject the minor or his property to a liability arising out of a breach by the guardian of a contract entered into by her without the approval of the court of her appointment."

■ There are several answers to this contention: (1) The appellants' pleading does not show that the guardian's contract was not approved by the court of her appointment. (2) The mere fact that this interpleader action was brought in Missouri instead of Illinois would probably not subject the fund deposited to the laws of Missouri. Armour Fertilizer Works v. Sanders, 5 Cir., 63 F.2d 902, 906, affirmed Sanders v. Armour Fertilizer Works, 292 U.S. 190, 200, 54 S.Ct. 677, 78 L.Ed. 1206, 91 A.L.R. 950; 30 Am.Jur., p. 228; but compare Griffin v. McCoach, 313 U.S. 498, 61 S.Ct. 1023, 85 L.Ed. 1481, 134 A.L.R. 1462. (3) A transitory cause of action may be enforced in the courts of Missouri unless against public policy in the sense that its enforcement would be contrary to good morals or natural justice or would be prejudicial to the interests of the citizens of Missouri. Mo.Rev.Stat.Ann. § 847.14; Burg v. Knox, 334 Mo. 329, 67 S.W.2d 96, 100; Kroger Grocery & Baking Co. v. Reddin, 8 Cir., 128 F.2d 787, 791. There

is nothing inherently evil in permitting a guardian to employ counsel to enforce the claim of a minor for personal injuries or in allowing counsel, who is employed, a subsisting lien for his proper charges upon the cause of action or the ultimate recovery. Missouri has no legitimate concern with a contract made by an Indiana guardian in behalf of an Indiana ward relative to a suit brought in Illinois.

■ This case should not have been decided upon the pleadings. It is obviously one which can more justly be decided when the facts are known. The circumstances surrounding the employment of the appellants by Alta Van Skyke and her subsequent employment of Noell should be fully developed by evidence. It is conceivable that the procurement of all out-of-state counsel for Jones may have occurred under such circumstances as would justify a court of equity in ruling that the fund in suit is subject to no valid lien for attorneys' fees. The charge of appellants that Noell, in securing his employment and their discharge as counsel for Jones, was guilty of unprofessional conduct may not be ignored in appraising Noell's rights to the fund in suit. On the other hand, the question of the validity or priority of the appellants' lien may turn upon how they came to be employed and how they represented Jones before Noell took over.

In view of the possibility of a conflict of interest between Jones and Noell, we question the propriety of the same counsel representing both. This is not intended as a criticism of counsel for Noell for thus far representing Jones. We merely direct counsel's attention to the fact that these interests are not identical and may become antagonistic. The case is one calling for

[2] Burns' Indiana Stat.1933, secs. 8-111, 8-144. See Fletcher Trust Co. v. Hines, 211 Ind. 111, 4 N.E.2d 562, 565, 108 A.L.R. 930; In re Eigenmann's Guardianship, 214 Ind. 92, 14 N.E.2d 585, 586-588, 116 A.L.R. 432; Cypress Creek Coal Co. v. Booneville Mining Co., 194 Ind. 187, 142 N.E. 645, 648; Peters v. Hanlin, 220 Ind. 175, 41 N.E.2d 604, 605; Cleveland, C. C. & St. L. Ry. Co. v. Moneyhun, 146 Ind. 147, 44 N.E. 1106, 34 L.R.A. 141; Masters v. Jones, 158 Ind. 647, 64 N.E. 213, 214; In re Kitchen, 45 Ind.App. 524, 89 N.E. 375, 376, 377; Curran v. Abbott, 141 Ind. 492, 40 N.E. 1091, 1093, 50 Am.St.Rep. 337.

[3] Smith-Hurd Ann.Stat.Ill. Ch. 13, § 14. See Smith v. American Bridge Co., 194 Ill.App. 500; City National Bank & Trust Co. v. Sewell, 300 Ill.App. 582, 21 N.E.2d 810, 812, 813; Yellen v. Bloom, 326 Ill.App. 134, 61 N.E.2d 269, 272; Goldberg v. Perlmutter, 308 Ill.App. 84, 31 N.E.2d 333, 334-336; Caruso v. Pelling, 271 Ill.App. 318, 323; Haj v. American Bottle Co., 182 Ill.App. 636, 639.

a complete disclosure of all pertinent facts and a scrupulous regard for professional propriety.

The judgment appealed from is reversed and the case is remanded with directions to reinstate the appellants' cross-bill and claim and to try the issues upon the merits.