J. W. SUTTON, Appellant, *vs.* THE CHICAGO RAILWAYS COMPANY, Appellee.

*Opinion filed April 19, 1913—Rehearing denied June 5, 1913.*

1. ATTORNEYS' LIENS—*Attorney's Lien act requires party settling suit after notice, to regard attorney's rights.* The Attorney's Lien act does not affect the right of a defendant in a suit, or persons against whom claims or demands are held by attorneys for collection, from settling the same, but it requires that they shall, after notice, in making such settlement, retain sufficient funds from the amount of the settlement to satisfy the lien of the attorney for his fees.

2. SAME—*rule where attorney is to receive one-half the amount to be recovered.* Where an attorney has a contract with his client for one-half the amount to be recovered in a personal injury case against a street railway company, and the company, after notice of the attorney's claim for a lien, settles with the client and pays him $365, and agrees, as part of the settlement, to pay the attorney "a reasonable fee, whether on account of your written contract with him or otherwise earned by him," the attorney is entitled to demand and receive from the company an amount equal to that paid to the client, as otherwise their shares would not be equal.

Appeal from the Branch "B" Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. W. H. Dietrich, Judge, presiding.

Richard J. Cooney, John A. Verhoeven, and Thos. E. Swanson, (David K. Tone, and Henry M. Ashton, of counsel,) for appellant.

John W. Walsh, and William H. Symmes, (John R. Guilliams, and Frank L. Kriete, of counsel,) for appellee.

Mr. Justice Cooke delivered the opinion of the court:

Joseph Speicher sued appellee, the Chicago Railways Company, in the superior court of Cook county, to recover for personal injuries. Appellant, J. W. Sutton, represented Speicher, as his attorney, in the suit under a contract whereby Speicher agreed to pay appellant one-half of any amount recovered from appellee, and appellee was served with notice that appellant would claim a lien to the extent of his contract with Speicher under the Attorney's Lien act of 1909. (Laws of 1909, p. 97.) Pending a trial of the cause appellee made a settlement with Speicher whereby Speicher was paid $325 for himself and $40 for the services of the physician who attended him at the time of his injury. In addition to the payment of these sums, and as a part of the settlement, appellee entered into the following written agreement with Speicher:

"Chicago, *April 28, 1910.*
*"Mr. Joseph Speicher:*

"Dear Sir—In consideration of your settling your case against the Chicago Railways Company for three hundred twenty-five ($325) dollars, I hereby agree to see that the Chicago Railways Company pays your attorney, J. W. Sutton, a reasonable fee, whether on account of your written contract with him or otherwise earned by him.

"Yours very truly,

J. R. Guilliams, *Atty. for C. Rys. Co."*

Appellant sued appellee in the municipal court of Chicago to recover his fee, and the principal facts were stipulated, a part of the stipulation being that the total amount paid Speicher was $365, and it is conceded by appellee in its argument that the amount named in the written agreement of April 28 may be considered as though it read $365. The case was tried without a jury, and the court found the issues for the plaintiff and entered judgment for $365. On appeal the Appellate Court reversed this judgment and entered judgment there for appellant for the sum of $182.50. A certificate of importance having been granted, this appeal was perfected.

The only question presented is, what amount, under these circumstances, is appellant entitled to recover? The Attorney's Lien act does not affect the right of defendants in suits, or persons against whom claims and demands are held for collection, from settling the same, but it requires, after notice, that in making such a settlement they shall, at their peril, retain sufficient funds from the amount of the settlement to satisfy the attorney's lien for his fees. (*Standidge* v. *Chicago Railways Co.* 254 Ill. 524.) The claim of appellant was taken into consideration and recognized by appellee in its settlement with Speicher. The agreement between appellant and Speicher as to the amount of the fee which appellant should receive is unambiguous. Appellant was to receive one-half of the amount recovered, which, under the holding in the *Standidge case, supra,* included one-half of any amount received on settlement. The question to be determined, therefore, is, what amount did Speicher receive in his settlement with appellee? It is true that Speicher was entitled to recover from appellee only actual compensation for the injury he sustained, but we are not inclined to take the view advanced by appellee that it undertook to bear the burden of satisfying the attorney's lien gratuitously and independent of its liability to Speicher. The agreement of appellee to pay the fee of appellant was

a part of the settlement with Speicher and was made in consideration of the release and satisfaction of his cause of action. Had this agreement named a specific sum to be paid as fees there would be no difficulty whatever in arriving at the exact amount due appellant. The Attorney's Lien act in nowise deprives a plaintiff of the complete control of his action. In case of a settlement the only right that an attorney with such a contract has, is to insist that his lien attach to the amount agreed to be paid his client in the settlement. It is apparent that the parties to this settlement recognized the right of appellant to claim his fee out of the proceeds of the settlement, and it is also apparent that it was the intention of the parties that Speicher should receive as his share of the settlement price the sum of $365, $40 of which was to be used in the payment of the physician. The agreement on the part of appellee to pay the fee of appellant was just as much a part of the consideration for the release by Speicher of his claim against appellee as the cash which was paid him, and that, together with the cash paid, represented the full amount of the settlement. The lien of appellant attached to the whole amount represented by this settlement agreement, and under his contract he was entitled to one-half of the same. Having notice of the terms of the fee contract, appellee, by its agreement with Speicher, obligated itself to pay appellant a sum equal to that paid Speicher. If, as appellee contends, appellant is entitled only to the sum of $182.50, the total amount of the settlement was $547.50, of which appellant would receive one-third instead of one-half, and he would thus be compelled to submit to a change of his contract by appellee and Speicher without his consent. Having obligated itself, as a part of its agreement of settlement, to pay the fee of appellant, appellee became bound to pay him a sum equal to that paid Speicher.

Appellee relies upon the case of *Schmitz* v. *South Covington and Cincinnati Street Railway Co.* 131 Ky. 207, and

the Appellate Court bases its holding upon this case. We are not persuaded by the reasoning upon which the decision of that case is based, and therefore do not follow it.

The judgment of the Appellate Court is reversed and the judgment of the municipal court affirmed.

*Judgment reversed.*