FREDERICK H. CASE *vs.* THE EMERSON-BRANTINGHAM COMPANY, Appellee.—(GEORGE A. DONNELLY, Appellant.)

*Opinion filed June 24, 1915—Rehearing denied October 7, 1915.*

1. ATTORNEYS' LIENS—*effect of Attorney's Lien law.* The Attorney's Lien law gives an attorney who has given the notice required by the act a lien for his contract fees if he has a contract for such fees, or reasonable fees otherwise, on the amount recovered by suit or paid in settlement, and does not alter the relation of attorney and client.

2. SAME—*what determines the amount of the lien where the person liable settles with claimant in full after notice.* Where a corporation, after being notified of the claimant's attorney's contract for one-half of "whatever amount is received as damages out of said claim," as attorney's fees, settles with the claimant and pays him the full amount of the settlement without withholding the share of the attorney, the attorney may collect from the corporation one-half of the amount recovered by his client and not a sum equal to the whole amount paid him. (*Sutton* v. *Chicago Railways Co.* 258 Ill. 551, distinguished.)

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding.

RANKIN, HOWARD & DONNELLY, for appellant.

RALPH F. POTTER, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

Frederick H. Case, by appellant as his attorney, brought suit in the circuit court of Cook county against the appellee for damages for personal injuries. Prior to bringing the suit Case and appellant had entered into a contract in writing by which appellant was to be paid for his services as attorney in the suit "a sum of money equal to one-half of whatever amount is received as damages out of said claim or cause of action." Appellant served notice on appellee of the terms of his contract with Case, claiming a lien by virtue of the Attorney's Lien law of 1909. (Laws of 1909, p. 97.) Thereafter appellee settled the suit with Case, without the knowledge or consent of appellant, for the sum of $160 and paid Case the entire amount. Appellee also notified appellant of the settlement and tendered appellant the sum of $80, which amount appellee conceded the appellant was entitled to under his contract with Case, which sum appellant refused and subsequently filed his petition to enforce his lien under the contract with Case, claiming $160. Appellee answered the petition and again tendered the sum of $80. A trial was had and judgment entered for $160 in favor of appellant, from which appellee prosecuted its appeal to the Appellate Court for the First District, which court reversed the judgment of the circuit court and entered judgment in favor of the petitioner in the court below, appellant here, for $80 and assessed the costs against him. The Appellate Court granted a certificate of importance, and appellant has appealed to this court from the judgment of the Appellate Court, assigning as error the action of the Appellate Court in reversing the judgment of the circuit court.

The portion of the statute under which appellant claims is as follows: "That attorneys at law shall have a lien upon all claims, demands and causes of action, including all claims for unliquidated damages, which may be placed in their hands by their clients for suit or collection, or upon

which suit or action has been instituted, for the amount of any fee which may have been agreed upon by and between such attorneys and their clients, or, in the absence of such agreement, for a reasonable fee, for the services of such attorneys rendered or to be rendered for their clients on account of such suits, claims, demands or causes of action."

This enactment was first before this court in the case of *Standidge* v. *Chicago Railways Co.* 254 Ill. 524, in which case we held the law was constitutional, and that where an attorney had a contract with his client for one-third of the amount such client would recover in a suit for personal injuries, and the defendant to the suit settled the suit for $900 out of court and without the knowledge or consent of the attorney, the attorney was entitled to recover from the defendant $300. In the case of *Sutton* v. *Chicago Railways Co.* 258 Ill. 551, there was a contract between an attorney and client by which the attorney was to receive one-half of what would be recovered in a suit brought against the Chicago Railways Company by one Speicher. The company settled with Speicher for $365, and in addition, and as a part of the settlement, agreed to pay Speicher's attorney, Sutton, a reasonable fee, whether on account of the written contract with him or otherwise earned by him. In that case we held that the Chicago Railways Company, by reason of having obligated itself, as a part of its agreement of settlement, to pay the attorney's fee in addition to the amount paid to the attorney's client, was bound to pay the attorney a sum equal to that paid to the client.

The only effect of the Attorney's Lien law is to give an attorney who has given the notice required by the act a lien for his contract fees, if he has a contract for such fees or reasonable fees otherwise, on the amount recovered by suit or paid in settlement. It does not alter the relation of attorney or client. Primarily, the client who hires the attorney is liable for the services of such attorney. It was expressly held in the *Sutton case, supra,* that the Attor-

ney's Lien act does not affect the right of a defendant in a suit, or of persons against whom claims or demands are held by attorneys for collection, from settling the same, but it requires that they shall, after notice, in making such settlement, retain sufficient funds from the amount of the settlement to satisfy the lien of the attorney for his fees. This being true and Case having the right to settle with appellee, and having settled in good faith so far as shown by the record, upon the settlement being made he owed appellant, as his attorney, by reason of the contract, one-half the amount which he received, or $80. He was liable for that amount, and that is all appellant could have recovered from Case. If appellant had been paid that amount by Case then the contract would have been fully performed, or if he had sued Case and recovered such amount then the contract would have been enforced and appellant would have no reason to invoke the aid of the Attorney's Lien law. As the law in question merely gives the attorney a lien upon the claim, etc., the amount for which appellant could claim a lien would be no greater than the amount which he would be entitled to recover from his client, (*Whitecotton* v. *St. Louis and Hannibal Railway Co.* 250 Mo. 624,) and the only question in this case is the amount which he is entitled to recover. It is also true that appellee, after making the contract of settlement with Case for $160, had the right, and it was its duty after being duly served with notice of appellant's contract, to withhold from said settlement one-half the proceeds thereof, or $80, and pay the same to appellant, in which case appellant would have no further right of action. The fact that appellee has paid to Case the entire amount is not controlling. It is simply compelled to pay one-half of the said amount over again because it did not withhold the portion due appellant under his contract after notice of such contract.

For the reasons given, the judgment of the Appellate Court will be affirmed.                    *Judgment affirmed.*