Sam Caruso, a Minor, by Malia Caruso, Next Friend, v. Ray Pelling and B. A. Railton Company, Appellees. Charles G. Palmer, Intervening Petitioner, Appellant.

Gen. No. 36,546.

Opinion filed June 12, 1933.

CHARLES G. PALMER, for intervening petitioner, *pro se;* CLYDE C. FISHER, of counsel.

H. H. PATTERSON, for appellees; EDMUND C. MAURER, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Sam Caruso, a minor, by Malia Caruso, his mother and next friend, brought an action against Ray Pelling and B. A. Railton Co., a corporation, to recover damages for personal injuries claimed to have been sustained by the minor, Sam Caruso. The case was settled by the payment of $1,500. Charles G. Palmer, a practicing lawyer of Chicago, who had been retained to prosecute the personal injury claim and who was later supplanted by other counsel, filed his petition claiming a lien under the Attorney's Lien Act, Cahill's 1931 Statutes, page 157. There was a hearing on the petition and answer, the petition was dismissed and the petitioner, Palmer, appeals.

At the close of the evidence the court said: "I think the plaintiff has made out his case. Why should not the defendant be held for the loss?" Then followed an argument, counsel for defendants contending that a notice of the lien as served by the petitioner on the defendants was not based upon the contract entered into by the petitioner and the minor's mother. The court sustained this contention and dismissed the petition.

The record discloses that the petitioner, through a former client, came in contact with the minor, his mother and his 22-year-old sister, and the matter of

retaining the petitioner to represent the minor on account of injuries received by him on February 3, 1930, was discussed, and on March 23, 1930, an agreement in the following words was entered into: "I hereby retain and employ CHAS. G. PALMER, of Chicago, Illinois, as attorney, to represent my son Sam in the prosecution and recovery of my claim for damages arising from personal injuries . . . received by my son Sam through the negligence of B. A. Railton Co. or Ray Pelling or person liable on the 3d day of Feb. 1930, and I agree to pay to said CHAS. G. PALMER an amount equivalent to 33 1/3% of the amount received or recovered by settlement or by suit. No SETTLEMENT TO BE MADE WITHOUT MY CONSENT. (Signed) Malia Caruso, mother of Sam Caruso, Claimant. Date Mch. 23, 1930. I hereby accept the above retainer and employment in said cause of action and agree to prosecute the same to settlement or judgment on the terms above set forth. (Signed) Chas. G. Palmer."

On the next day, March 24, 1930, petitioner sent a notice to the two defendants by registered mail, which notice is as follows: "March 24, 1930. B. Railton Co., 465 W. Erie St., Chicago, Ill., Mr. Ray Pelling, 5734 Winthrop ave., Chicago, Ill. NOTICE OF ATTORNEY'S LIEN. Gentlemen: I represent Sam Caruso, fourteen-year-old boy, struck and run down by car driven by you on February 3, 1930, at or near Hill and Wells Streets, Chicago.

"He has agreed to pay the undersigned for professional services as a fee a sum equal to one-third of whatever amount may be recovered by settlement or suit and the undersigned therefore claims a lien upon such demand or cause of action for such fee as by statute in such case made and provided.

"If you desire to settle this matter without suit, kindly get in touch with me within the next five days or advise me the name of your insurance carrier or

attorney so that the matter may be expeditiously handled.'' This was signed by the petitioner.

On the same day, March 24, petitioner wrote Mrs. Malia Caruso, Sam's mother, acknowledging contract of employment for the prosecution of the claim of her son Sam, and advising her that he had served a notice of Attorney's Lien on the defendants. March 29, 1930, defendant B. A. Railton Co. wrote petitioner, stating that at the request of defendant Pelling it acknowledged receipt of petitioner's notice of Attorney's Lien and had forwarded it to the Eagle Indemnity Co., which carried insurance on the automobile involved in the accident in which Sam was injured, and requesting petitioner to take the matter up with the Indemnity company. Thereafter negotiations were had between the petitioner and the Indemnity company looking toward the settlement of the claim. A. D. Weaver, an attorney, and claim superintendent of the Indemnity company, testified that petitioner stated settlement probably could be made for $1,500, that the witness had recommended payment of $1,000.

Thereafter petitioner continued to work on the preparation of the case, and other negotiations were carried on until April 17, 1930, when he received a letter written by Sam Caruso's sister, aged 22 years, advising petitioner that they had retained other counsel as petitioner's method in handling the matter was unsatisfactory.

July 2, 1930, Sam Caruso, the minor, by his mother and next friend, represented by other counsel, was given leave by the circuit court of Cook county to sue as a poor person. The suit was filed; pleas were filed by the defendants who were represented by Mr. Weaver, attorney for the Insurance company. Thereafter the claim was settled by defendants paying $1,500. The petitioner claims he is entitled to $500 under his contract of employment and notice of Attorney's Lien under the statute.

The position of defendants is that the statute authorizing an attorney's lien must be strictly followed or the claim for lien will be disallowed, and they say (1) that the contract in question "is not a contract with the mother and next friend of Sam Caruso, a minor," that it does not purport to be made on behalf of the minor and is therefore void; and (2) that the notice of lien served by the petitioner on defendants is not based on the contract for the reason that the notice states that the petitioner was employed by Sam Caruso, a 14-year-old boy, and that Sam had agreed to pay the petitioner a fee equal to one-third of any amount that might be recovered, while the contract was not with the boy.

We think neither of these contentions is of any substance. The uncontradicted evidence is that before petitioner was retained the matter was discussed by him with Sam's mother and his sister and the contract signed by the mother, as disclosed by the contract quoted above. The notice of lien sent to the defendants gave them all the information the law required. They were advised that the petitioner had been retained to represent the boy, Sam, to settle or prosecute his claim for damages on account of personal injuries, advising them that petitioner was to receive one-third of the amount recovered. Obviously Sam, being but 14 years old, could not make a binding contract; it had to be made by someone in his behalf. It was signed by his mother, who afterward went into court as Sam's next friend and obtained leave to bring suit, which was accordingly done. Both defendants were notified of the petitioner's employment and of the amount of the fee that was to be paid, and they negotiated with the petitioner for nearly a month, so that if they are now required to pay $500, it is the result of their own doing. In *Case v. Emerson-Brantingham Co.*, 269 Ill. 94–97, which is similar to the case before us, the defendants, after having been notified of a

claim for attorney's lien, settled the claim without notice to the attorney. The court said that the law required them in making the settlement to "retain sufficient funds from the amount of the settlement to satisfy the lien of the attorney for his fees. . . . The fact that appellee has paid to Case the entire amount is not controlling. It is simply compelled to pay one-half of the said amount over again because it did not withhold the portion due appellant under his contract after notice of such contract."

In the instant case, whether the defendants paid the entire amount to plaintiff or whether they retained $500 to satisfy the petitioner's claim is not clear, but in any event it is not of controlling importance. We think plaintiff is entitled to his lien for $500. *Zazove v. M. St. P. & Ste. Marie Ry. Co.*, 218 Ill. App. 534; *Tulka v. Chicago City Ry. Co.*, 259 Ill. App. 234; *Baker v. Baker*, 258 Ill. 418; *Sutton v. Chicago Rys. Co.*, 258 Ill. 551.

Nor is there any merit in the contention of defendants that petitioner was bound by Rule 43 of the probate court of Cook county which provides that in any claims for personal injuries in case of settlement without suit, not more than 25 per cent of the amount recovered will be allowed for attorney's fees. Nor is there any merit in the further contention that petitioner was entitled to receive only the reasonable value of the services which he rendered, and that there was no evidence on this question. Petitioner was not in the probate court and if the defendants were desirous of securing a settlement for a less amount by reducing petitioner's fee, they should not have settled the matter behind petitioner's back. They are in no position to invoke the rule of the probate court. Nor are the defendants in a position to contend that petitioner should receive only the reasonable value of the services rendered because the Attorney's Lien Act provides that the attorney shall have a lien "for the

amount of any fee which may have been agreed upon by and between such attorneys and their clients, or, in the absence of such agreement, for a reasonable fee, for the services of such attorneys rendered or to be rendered.'' The amount of the fee having been agreed upon between the petitioner and his client, petitioner is entitled to the amount specified in his contract, of which the defendants were notified.

The judgment of the circuit court of Cook county is reversed but the cause will not be remanded because all of the facts are before us, and judgment will be entered herein in petitioner's favor for $500 against Ray Pelling and B. A. Railton Co., a corporation.

*Judgment reversed and judgment entered in this court.*

McSurely, P. J., and Matchett, J., concur.