Wm. Wallace McCallum, Appellant, v. Baltimore and Ohio Railroad Company, Appellee.

Gen. No. 41,550.

Opinion filed April 23, 1941.

WM. WALLACE MCCALLUM and MURPHY O. TATE, both of Chicago, for appellant.

RAWLINS & WRIGHT, of Chicago, for appellee; ERICH W. LADEMANN, of Chicago, of counsel.

MR. JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

Plaintiff, who is a practicing attorney, brought suit to enforce an alleged attorney's lien under a contract which he alleges he had with one Lucy Burton, administratrix, to represent her, as attorney, in a claim against the Baltimore & Ohio Railroad Company in an endeavor to recover damages for the death of her husband, Harvey Burton. The cause was tried without a jury and judgment was entered by the trial judge in favor of defendant, from which judgment plaintiff brings this appeal.

It is alleged that the contract made between plaintiff and his client was executed at Chicago, Illinois. There does not appear to be any dispute as to the plaintiff having a contract under the attorneys' lien law with his client nor that the lien was not in proper form and was served upon the defendant corporation. Defendant is a transportation line which services several states. There does not appear to be any dispute as to the facts, except in a few instances, to which we shall later refer.

It appears that after the contract was made and after plaintiff had investigated the case and prepared to file suit and was negotiating in an attempt to make a settlement with said defendant railroad company, that said defendant railroad company, through some of its agents, met plaintiff's client in Cincinnati, Ohio,

and without the knowledge of plaintiff herein, agreed upon a certain sum of money as a settlement in the case.

The cause of action herein grew out of the death of one Harvey Burton, husband of Lucy Burton, plaintiff's client, which death it is alleged was the result of injuries sustained by him while employed by defendant railroad, on August 24, 1937, at or near Cannelburg, Indiana, through which the railroad of the defendant runs and negligence was charged on the part of the defendant railroad company.

It further appears that thereafter a suit was commenced in Daviess County, Indiana, by an attorney other than plaintiff herein and a judgment was entered in favor of plaintiff Lucy Burton and against the defendant railroad company for the sum of $8,250; that the proceedings in the court of Indiana and the settlement of the cause by the defendant railroad company, up to the point of judgment, were all transacted without either the knowledge or consent of plaintiff; that thereafter the defendant railroad company paid to the clerk of the Indiana court the sum of money which had been agreed upon, namely, $8,250 and for which judgment had been entered by said Indiana court. It appears from the record in that case the order directed the money to be paid to the said clerk of the Indiana court and that the claim of plaintiff McCallum as claimant for part of said money was made a matter of record for the first time; that the money was ordered to be impounded with the clerk and that notice be served upon McCallum, plaintiff herein; that said notice so ordered was mailed by the said clerk of the Indiana court and immediately thereafter one of the Chicago attorneys for defendant railroad company, served a similar notice upon plaintiff McCallum, as provided by the statutes of Indiana. The notices in substance stated that on a day and date named therein, the court in Indiana would proceed to adjudicate the

rights of the plaintiff McCallum for any attorney's fees or claim which he might have against the defendant railroad company or the funds in the hands of the clerk of said court. It appears that plaintiff herein did not appear in the Indiana court. The notice which was served upon plaintiff McCallum, reads as follows:

"You are hereby notified that on the 20th day of September, 1937, the following proceedings were had in the Daviess Circuit Court of Daviess County, Indiana, to-wit:

" 'Lucy Burton, as Administratrix of the Estate of Harvey Burton, Deceased,
                    *Plaintiff,*
            vs.                     No. 19,456
The Baltimore & Ohio Railroad Company and the Baltimore & Ohio Southwestern Railroad Company,
                    *Defendants.*

" 'Comes now the plaintiff by Joseph P. Smith and Herbert W. Lane, her attorneys, and also come the defendants by Allen, Hastings & Allen, their attorneys. And now the defendants file their joint and several answers in two paragraphs to the plaintiff's complaint herein. And now the plaintiff files her reply in general denial to the second paragraph of defendant's said answer, putting this cause at issue.

" 'And now by agreement of the parties this cause is submitted to the court, without the intervention of a jury, for trial, finding and judgment.

" 'The court having heard the evidence and being fully advised in the premises, finds for the plaintiff, that the material averments of the complaint are true and that the plaintiff should recover of and from the defendants on the complaint sued upon herein the sum of Eight Thousand Two hundred fifty dollars ($8,250.00), together with the costs of this action.

" 'The court further finds for the defendants on their second paragraph of answer herein and that Joseph P. Smith and Herbert W. Lane are the attorneys for the plaintiff herein and as such will be entitled to file and assert liens against any judgment that may be rendered against the defendants in this cause of action, and that William Wallace McCallum of Chicago, Illinois, has notified the defendants that he is employed by the plaintiff to prosecute her claim against the defendants for damages and that because of such employment he has to prosecute her claim against the defendants for damages and that because of such employment he has and holds a lien against any judgment that may be rendered in any court in favor of the plaintiff herein against the defendants for damages.

" 'The court further finds that any money paid by the defendants in satisfaction and discharge of plaintiff's claim for damages against the defendants should be paid to the Clerk of this court in trust and the same impounded in the hands of said Clerk and held by him until such time as there is a final adjudication of any and all claims that may be asserted against such judgment. Provided, however, that said Clerk may be authorized by proper order of this court to pay from such impounded fund to the plaintiff sufficient money for their immediate needs.

" 'It is, therefore, ordered and adjudged by the court that the plaintiff recover of and from the defendants the sum of $8,250.00 together with the costs of this action. It is further ordered and adjudged by the court that upon the payment of said amount by the defendants to the Clerk of this court in trust in payment and satisfaction of said judgment said money shall be impounded and remain in the hands of said Clerk until there shall have been a final adjudication and determination of the claims of the said Joseph P. Smith, Herbert W. Lane and William Wallace Mc-

Callum for services rendered, if any, by them as attorneys, for the plaintiff in the prosecution of plaintiff's cause of action herein against the defendants and until all proper steps may be taken to protect the interests of the plaintiff herein.

" 'It is further ordered and adjudged by the court that the second day, at 1:30 P. M. o'clock of the next term of this court to be held on the third Monday of November, 1937, be, and the same is hereby fixed as the day when the court will hear and finally adjudicate any and all claims that may be asserted by any person or persons to any part of the money impounded in the hands and held by the Clerk of this court as herein provided and that the Clerk issue summons notice to the said Joseph P. Smith, Herbert W. Lane and William Wallace McCallum, to be served upon each of them notifying them of the time and place of hearing of their claims to any part of said money.

" 'You are, therefore, notified to be and appear in said Daviess Circuit Court at the hour of 1:30 o'clock P. M. on the 16th day of November, 1937, the same being the second day of the next November Term of said court to be begun and held on the 15th day of November, 1937, at the Court House in the city of Washington in said County and State, at which time said court will hear and determine your rights, if any, as to a lien against said judgment and the amount thereof, if any, that you should be paid from the fund now impounded in the hands of the Clerk of said Court.

" 'In Witness Whereof, I have hereunto set my hand and affixed the seal of said Court at the City of Washington, Indiana, this 28th day of September, 1937.

" '(Seal)

" 'Roscoe T. Myers,
*Clerk, Daviess Circuit Court.' "*

*"To the State of Illinois, Cook County, ss:*

"Erich W. Lademann, being duly sworn, upon his oath, says that he served the notice to which this affidavit is attached, on William Wallace McCallum at the city of Chicago, State of Illinois, on the 4th day of October, 1937, by delivering to him a true copy of said notice and informing and explaining to him the purpose of the same.

"Affiant further says that the said William Wallace McCallum is not a resident of the State of Indiana, and that the said William Wallace McCallum, on whom said notice was served, is the identical person named in the judgment set forth in the foregoing notice.

"Erich W. Lademann.

"Subscribed and sworn to before me, a Notary Public, in and for Cook County, Illinois, this 4th day of October, 1937.

"Thomas M. Butters,
*Notary Public.*
"My Commission expires March 13, 1938."

It is claimed by defendant here that the statutes of Indiana authorize and give to the courts of that State jurisdiction of nonresidents. The statute, sec. 2-807 (338) Burns Indiana Stats. Ann. 1933, p. 98, reads as follows:

"The Clerk, by order of the court, if in session, or in vacation without such order, shall cause notice of the pendency of any such action, and the term at which the same will stand for trial, to be published for three (3) weeks successively in some paper of general circulation. . . ."

Paragraph 3 of said act, which further defines the character of cases in which such service may be had, reads in part as follows:

"Where the defendant is not a resident of the state, and the cause of action is founded upon or connected

with a contract, or arises from a duty imposed by law, in relation to real estate in this state, or the object of the action is to *enforce or discharge a lien,* or to obtain a divorce. . . .''

Section 2-808 (339) Burns Indiana Stats. Ann. 1933, p. 100, provides for service on parties without the state, as follows:

''When the defendant is a nonresident, personal service of the summons out of the state is equivalent to publication; and such service may be proved by the affidavit of a competent person, made before any officer authorized to administer oaths; which affidavit shall state the time and place and mode of giving the notice, and set forth that the person thus served with notice is the identical person named in the action or proceeding; or the identity of the person may be proved by the affidavit of the plaintiff or any other person.''

In the instant case, the notice which we have quoted was served upon plaintiff herein on October 4, 1937, some six weeks prior to the hearing on said liens in said Indiana court as the date was set for November 16, 1937, the second day of the November term. As heretofore stated, plaintiff did not appear in Indiana or submit to the jurisdiction of that court, and the Indiana court did not allow any part of the fund to be awarded to the plaintiff in this suit.

It further appears that the plaintiff in the original suit hired certain lawyers in Indiana to commence said action for damages in Indiana and in substance it is alleged that this was done at the behest of the defendant railroad company and was in the nature of a conspiracy to destroy the plaintiff's claim for fees under the laws of Illinois. Aside from the statements made in plaintiff's brief, we find no evidence that such was the fact. At this point we might say that the briefs of the contending parties contained allegations, charges and counter charges intended to impugn the

honesty and integrity of the parties and counsel connected with this case, either by sarcastic innuendo or intimation which is termed as comments on the evidence. No motions were made in this court to strike the briefs because they were scandalous. We might at this time add that such statements, either true or false, are not at issue and they reflect no credit upon the counsel responsible therefor and are of no assistance to this court in deciding the questions presented for our consideration.

The main question we believe is whether or not the Indiana court had the right and jurisdiction to determine the issues which were submitted to it. Plaintiff in his brief at page 21, makes the following statement:

*"It must ever be kept in mind that so far as the proceeding in Indiana went and so far as they attempted to go, that William Wallace McCallum was not attorney of record in that suit: that he never was before that Court: and that the Indiana Court never at any time had any jurisdiction over him."*

A case somewhat similar to the instant case is that of *Noell v. Missouri Pac. R. Co.,* 335 Mo. 687, 74 S. W. (2d) 7, where on page 13, the court, after pointing out that the proceeding was not a bill of interpleader but a proceeding to distribute property and adjudicate liens, said:

"Its object was not to bring rival claimants into court to litigate a dispute between them, but to distribute property already there. The property in this case, the Arkansas judgment, was the same as a fund already in the court's custody, . . . No other court did or ever could have custody of it. Therefore, that court alone had exclusive jurisdiction to dispose of it by determining the distribution of it and adjudicating plaintiff's lien upon it. . . . In doing so, by proper notice, it could require any person anywhere to come there and assert his claim or be thereafter barred."

In *Heidritter v. Elizabeth Oil Cloth Co.*, 112 U. S. 294, 28 L. Ed. 729, the court at page 732, said:

"This proceeding was undoubtedly *in rem,* and it is quite immaterial whether the law authorized an absolute forfeiture of the *res,* including all interests and estates in it, so as to overreach antecedent liens and adverse claims, or only of the actual interest of the owner charged with the violations of law at the time of the alleged offenses. In either view and for either purpose, the court had taken possession of the property itself, and that possession was necessarily exclusive."

In *Wabash R. Co. v. Adelbert College,* 208 U. S. 38, 52 L. Ed. 379, the court at page 386, said:

"When a court of competent jurisdiction has, by appropriate proceedings, taken property into its possession through its officers, the property is thereby withdrawn from the jurisdiction of all other courts. The latter courts, though of concurrent jurisdiction, are without power to render any judgment which invades or disturbs the possession of the property while it is in the custody of the court which has seized it. For the purpose of avoiding injustice which otherwise might result, a court during the continuance of its possession has, as incident thereto and as ancillary to the suit in which the possession was acquired, jurisdiction to hear and determine all questions respecting the title, the possession, or the control of the property."

In *Amparo Min. Co. v. Fidelity Trust Co.,* 74 N. J. Eq. 197, 71 Atl. 605, the court in holding the case was quasi rem, at page 608, said:

"The state must control all property within its territorial limits. Parties interested in that property, and residing within the state, or voluntarily coming into the state, in order to have their rights in respect of the property in question enforced or protected, have a right to be heard in the courts of the state, and the

utmost that can be demanded on the part of non-resident defendants is that they shall be fairly notified of the action so as to have an ample opportunity to appear and be heard therein. When these conditions exist, the rights of all parties interested in the res are determined by due process of law."

Again referring to the case of *Noell v. Missouri Pac. R. Co.,* 335 Mo. 687, 74 S. W. (2d) 7, the Supreme Court of Missouri after pointing out that the Arkansas court had the physical custody of the fund in question, stated at page 14:

"Therefore, that court alone had exclusive jurisdiction to dispose of it by determining the distribution of it and adjudicating plaintiff's lien upon it. *Heidritter v. Elizabeth Oil Cloth Co.,* 112 U. S. 294, 5 S. Ct. 135, 28 L. Ed. 729. In doing so, by proper notice, it could require any person anywhere to come there and assert his claim or be thereafter barred. Plaintiff, having been properly served in accordance with the laws in that state in such a proceeding, is bound by its decree in so far as it determined his lien upon the property in its custody."

In the instant case, we think the Indiana court had jurisdiction of the subject matter and also under the law had jurisdiction of the parties thereto. Much has been said regarding the action taken by the Indiana lawyers in commencing suit and settling the case and the action of the defendant railroad company in submitting to the jurisdiction of the Indiana court. The plaintiff, evidently employed several lawyers, one of whom commenced suit in Indiana on behalf of his client, and settled the case which, no doubt, they had a right to do and the defendant in that jurisdiction had a right to submit to the jurisdiction imposed upon it. If one has a right to do a certain act, the motive which causes him to do it is of no great consequence. The briefs filed in this court by plaintiff contain a review of the action of the Indiana court and a de-

tailed criticism of the action taken by that court. We do not have the power or the inclination to review the action of the Indiana court and it occurs to us that it was the duty of counsel for plaintiff in this suit to have appeared in the Indiana court and pointed out wherein such court was committing error, so that justice might be rendered. That was his duty to his client as well as to himself as having an interest in the *res*. Whether or not the interest of plaintiff Mc-Callum was by that time adverse to that of his client would be perhaps a question for the Indiana court to decide. It might well be that if counsel appeared in the Indiana court and had given that court the benefit of his suggestions (inasmuch as he had received the notice, creating jurisdiction in the Indiana court, some six weeks prior to the time the cause was decided) then possibly, the errors of which he now complains would not have occurred.

From the record in this cause and the law as we construe it, the trial court committed no error in deciding this cause in favor of defendant. For the reasons herein given the judgment of the superior court is affirmed.

*Judgment affirmed.*

HEBEL, P. J., and BURKE, J., concur.