Plaintiff, William Wallace McCallum, who is licensed to practice law in this State, instituted this suit in the superior court of Cook county against the defendant, the Baltimore and Ohio Railroad Company, to recover an amount he claims lost by reason of the defendant's failure to recognize and protect his lien for attorney's fees in a claim which defendant settled with plaintiff's client, Lucy Burton, administratrix of the estate of Harvey Burton, deceased. The trial court entered a judgment for defendant which the Appellate Court affirmed. (310 Ill. App. 189. ) The case is here for further review on leave to appeal granted by this court.
The facts are not in dispute, the material parts of which are that on August 24, 1937, Harvey Burton, a resident of Martin county, Indiana, and an employee of defendant, was killed in the course of his employment under circumstances creating a liability against defendant. The accident occurred in Daviess county, Indiana, through which the defendant operated a railroad.
The day that Burton died, Lucy Burton, the widow of deceased, was appointed administratrix of the estate by the circuit court of Martin county. Joseph Smith, an Indiana attorney, was employed to represent her in the prosecution of a claim for damages against defendant. On September 7, 1937, Smith filed a suit in the circuit court of *Page 62 
Daviess county in the name of the administratrix, against the defendant and the Baltimore and Ohio Southwestern Railroad Company. The judgment was paid by the defendant and the other company is not a party to this suit. Summons was issued and served on the defendant the same day.
On September 8, 1937, Lucy Burton went to plaintiff's office in Chicago and while there executed a contract of employment engaging plaintiff to represent her "in the prosecution of any claim of a right of action against the Baltimore and Ohio Railroad Company for damages" caused by the death of Harvey Burton. The contract of employment made no reference to the suit then pending in Indiana or the starting of a case in any court of this State, and the record is silent as to whether plaintiff had knowledge of the pendency of the Indiana suit at the time of his employment. The contract provided that plaintiff was to have as fees one-third of all money recovered in settlement of claim or suit. The following day, plaintiff gave defendant, at its Chicago office, notice of his contract of employment and claim for lien, which notice is conceded to be in form and substance in compliance with the Attorney's Lien act of this State. Ill. Rev. Stat. 1941, chap. 13, par. 14.
Soon after the execution of the contract plaintiff made investigation and had certain telephone conversations with defendant's claim agent and the attorney, both of whom were located in Cincinnati, Ohio. He did not institute any suit for Mrs. Burton nor did he appear as attorney of record in the case that attorney Smith had started in the Indiana court.
Shortly after Mrs. Burton had employed plaintiff as her attorney, but before September 20, she and her son-in-law, accompanied by Herbert Lane, an Indiana attorney who was assisting Smith, went to Cincinnati, Ohio, and interviewed the claim agent and attorney for the defendant. Terms of settlement were agreed upon whereby the defendant *Page 63 
was to pay Mrs. Burton, administratrix, $8250. A condition of the settlement was that the matter should be concluded by a hearing and entry of judgment in the suit pending in the circuit court of Daviess county, Indiana.
On September 20, 1937, the defendant filed an answer in the Daviess county suit denying all the material allegations of the complaint. As affirmative matter but not as a defense to the main action, it was alleged that plaintiff, Mrs. Burton, had employed as her attorneys Joseph Smith, Herbert Lane and William Wallace McCallum and that each made claim to a part of any money obtained by Mrs. Burton in said suit. It was further alleged that by reason of the dispute between the several attorneys as to the amount of their respective liens, the court should, as a part of the judgment entered against the defendant, incorporate a direction that so much of the proceeds of the judgment as was necessary to protect the defendant in the payment be impounded with the clerk of the court. The same day the answer was filed a hearing was had on the damage claim and a judgment entered against defendant for $8250. The court ordered the full amount impounded with the clerk to remain there until there could be an adjudication of the claims of Joseph Smith, Herbert W. Lane and William Wallace McCallum.
The court fixed a date of hearing on the claims of the attorneys and the clerk was directed to issue summons and give notice of the same. The proof shows a true copy of the notice was delivered to the plaintiff in Chicago by an agent of the defendant October 4, 1937, in which he was notified of the hearing to be held November 16. The notice set forth the entry of the judgment, the amount, the impounding of the proceeds and notice of time and place of hearing.
On the day fixed for the hearing, the circuit court of Daviess county proceeded to an adjudication of the claims. Plaintiff did not appear to establish his claim. The court *Page 64 
found he did not have a valid or subsisting lien against the proceeds of the judgment and it was ordered "that the said William Wallace McCallum holds no valid lien against the funds or moneys impounded in the hands of the clerk of this court which was paid by the defendants herein in full satisfaction and discharge of the judgment rendered heretofore against the defendants in favor of the plaintiffs and that the said money so impounded in the hands of the clerk of this court should be paid over and delivered to the said plaintiff (Lucy Burton, administratrix) and that the defendant be, and the same are hereby relieved and discharged from the payment of any sum or sums to the said McCallum on account of any lien that he may have heretofore claimed herein."
Plaintiff started this suit in the superior court of Cook county on June 29, 1938. In his pleading he alleges facts showing his employment by Lucy Burton as administratrix, her agreement to pay him an attorney's fee of one-third of any sum recovered by settlement or suit, the service of notice of his claim for attorney's lien on the defendant, the settlement the defendant company made with Lucy Burton, administratrix, and the payment to her of $8250. He prays judgment for one-third of the amount of the settlement. The defendant, in its answer, pleaded the proceedings of the circuit court of Daviess county as a bar to plaintiff's claim.
The jurisdiction of the circuit court of Daviess county to enter a judgment for damages in Mrs. Burton's suit against the defendant is not questioned. It is conceded that if the defendant had paid the Burton judgment in full to the plaintiff without a waiver or adjudication of the attorneys' liens, the defendant would be liable. Of the many cases that are cited by plaintiff from this and other jurisdictions, the recovery was based upon such a statement of facts. Those cases are not in point here for the action of the circuit court of Daviess county in impounding the *Page 65 
money, giving of notice of a hearing on the lien for attorneys' fees and adjudication of the same distinguishes it from the other line of cases.
Plaintiff carries on two lines of attack against the Indiana proceeding, namely: that the action of the defendant making a settlement of the claim with Mrs. Burton, the payment to her, and the court proceedings adjudicating the priority of liens was a fraudulent scheme perpetrated by the defendant with the connivance of Mrs. Burton and done for the purpose of defeating plaintiff's lien for fees; the other that such proceeding is not binding upon him since he did not appear in the suit and was not personally served with the process of that court.
On the first point it will be noted plaintiff's claim for fees is measured by the amount of the settlement for which judgment was entered. Under such circumstances he is in no position to now claim that the settlement and judgment were procured through the fraudulent design of the defendant. The other acts of defendant from which plaintiff says there arises an implication of fraud are the matters alleged in its answer in reference to the claims of the various attorneys, its procurement of a court order in the circuit court of Indiana impounding the proceeds of the judgment and an order adjudicating the liens.
A judgment had been entered against the defendant for $8250, which, as far as the record discloses, it was under obligation to pay or incur costs if the plaintiff creditor, Mrs. Burton, undertook to enforce its collection by execution. The defendant had previous notice of the existence of plaintiff's lien upon that amount of money which had been perfected by giving notice in accordance with the statute of this State. It also knew that Mrs. Burton had employed attorneys Smith and Lane to represent her in the institution of a suit and its settlement. It had notice that they would in all probability make claim for fees. Under such circumstances there was nothing defendant could do *Page 66 
and avoid liability except resort to the protection afforded by a court order. In seeking a way to make payment and at the same time avoid liability to the attorneys, it selected the course followed and in so doing it can not be said that its acts were fraudulently perpetrated for the sole purpose of circumventing plaintiff's lien for fees.
A similar state of facts was involved in Noell v. PacificRailway Co. 335 Mo. 687, 74 S.W.2d 7, 94 A.L.R. 684. Noell, an attorney practicing law in Missouri, had been employed by the representative of an estate of a deceased person to prosecute a claim for damages under the Federal Employers' Liability act against the Missouri Pacific Railway Company. Such attorney instituted a suit in the name of the administratrix in one of the State courts of Missouri. While this suit was pending, his client engaged a lawyer from the State of Arkansas, who started a suit in that State upon the same cause of action. The railroad company appeared in the Arkansas case and pleaded to the merits and that a former suit was pending. From the statement in the opinion it is clear there was a settlement of the case but as in this case, a trial was had and judgment entered against the railroad company for the amount previously agreed upon. The railroad company then started an equity action in a court of general jurisdiction of Arkansas impounding the Arkansas judgment and praying for an adjudication of the liens of the several attorneys. In the course of the proceeding the Arkansas court ordered the proceeds of the judgment be impounded with the clerk of the court. Notice of the equity action in Arkansas was given Noell by service of summons upon him in Missouri. He did not appear and a decree was entered against his claim for lien. Later he sued the railroad company in the Missouri court to recover his fees. In discussing Noell's contention that the Arkansas proceeding was a fraud, instigated by the defendant for the purpose of defeating his lien for fees, the court said: "Defendant *Page 67 
had to pay the judgment some time, and it did all that it could do to preserve the property upon which plaintiff had a lien and give plaintiff an opportunity to assert it, when it did pay, by impounding the judgment fund by proceedings in equity and holding it for a reasonable time for plaintiff to assert his rights. The law does not require an impossibility. If defendant did all that it was possible for it to do, it cannot be held liable to plaintiff for failing to do what was not within its power to do — bring the property, upon which plaintiff had a lien, to some place which might be more convenient for plaintiff to assert it. Defendant can only be liable to plaintiff, if it made it impossible for him to enforce his lien by destroying the property to which it attached, by its voluntary acts. Defendant did not destroy this property, but preserved it where plaintiff could reach it, and gave him a reasonable opportunity to reach it. It did not disregard his lien, but pointed it out to the court which held the property. It cannot be held liable because it could do no more." There is no evidence to support the charge that the making of the settlement and the taking of the judgment were accomplished by defendants under such circumstances as to raise an implication of fraud.
The remaining question relates to the nature of the Indiana proceeding and its legal effect insofar as it undertook to adjust the liens of the various attorneys. At the hearing, Smith and Lane announced in open court they had no lien or claim against the impounded funds thus leaving no lien for adjustment except plaintiff's.
It was held in Standidge v. Chicago Railways Co. 254 Ill. 524, that the clause in the Attorney's Lien act of this State which provides for the filing of a petition in "any court of competent jurisdiction" authorized the filing of a petition as a separate, independent action, or a petition in the cause of the client wherein the employment was made. In this case the parties have not pleaded or made *Page 68 
proof of any Indiana statute which outlines the procedure of that State in the enforcement of an attorney's lien. In the absence of a pleading or proof of such a foreign statute, the courts of this State will, if it pertains to the common law, assume that the common law is in force in the sister State. (Forsyth v. Barnes,228 Ill. 326; Opp v. Pryor, 294 id. 538.) Where the matter to be decided is not of common law origin and there has been no proof of the law of the foreign State, it will be assumed that the laws of the sister State are the same as in this State. Juilliard Co. v. May, 130 Ill. 87.
This court has held that an attorney had no lien for fees at common law in claims such as plaintiff makes in this case.(Forsythe v. Beveridge, 52 Ill. 268; LaFramboise v. Grow, 56 id. 197.) Applying the presumption that the law of Indiana in reference to the enforcement of attorneys' liens is the same as in this State we find that the circuit court of Daviess county, Indiana, had the power to adjudicate the liens on the funds impounded with the clerk, in the same proceeding in which the judgment had been entered.
The proceeds of the judgment was the res and it being custodialegis in the Indiana court it had the power to bring before it, by constructive service, all who claimed to have a lien on it. A judgment entered in such a proceeding is often referred to as being a judgment quasi in rem.
In Freeman v. Alderson, 119 U.S. 187, 30 L. ed. 372, the court said: "There is, however, a large class of cases which are not strictly actions in rem, but are frequently spoken of as actionsquasi in rem, because, though brought against persons, they only seek to subject certain property of those persons to the discharge of the claims asserted. Such are actions in which property of non-residents is attached and held for the discharge of debts due by them to citizens of the State, and actions for the enforcement of *Page 69 
mortgages and other liens. Indeed, all proceedings having for their sole object the sale or other disposition of the property of the defendant, to satisfy the demands of the plaintiff, are in a general way thus designated. But they differ, among other things, from actions which are strictly in rem, in that the interest of the defendant is alone sought to be affected, that citation to him is required, and that judgment therein is only conclusive between the parties.
"The State has jurisdiction over property within its limits owned by nonresidents, and may, therefore, subject it to the payment of demands against them of its own citizens. It is only in virtue of its jurisdiction over the property, as we said on a former occasion, that its tribunals can inquire into the nonresident's obligations to its own citizens; and the inquiry can then proceed only so far as may be necessary for the disposition of the property. * * * They cannot determine the validity of any demand beyond that which is satisfied by the property. For any further adjudication the defendant must be personally served with citation or voluntarily appear in the action." In such cases the jurisdiction of the court rests exclusively upon the situs of the res and although one of the incidents of the judgment entered may be to determine the personal rights in the res of a person who is beyond the jurisdiction of the court, the judgment is binding as between the parties. Plaintiff's right to a lien against the proceeds of the Burton judgment was adjudicated in the circuit court of Daviess county, Indiana, and the judgment entered in that court is an effective bar to plaintiff's recovery in this action.
For the reasons stated, the judgment of the Appellate Court is affirmed.
Judgment affirmed.