I cannot agree with the majority opinion for several reasons. For example, the record shows that the Indiana lawyers, Smith and Lane, claimed attorneys' liens and released *Page 70 
them on November 10, 1937, on the margin of the judgment, and on that day it is also shown that the money was withdrawn by the guardian of Lucy Burton, "infirm," Lew Harris, who had been appointed by the Martin county circuit court. The hearing on the question of attorneys' liens had been set by the court in which the judgment was rendered and into which the money was paid, for the third Monday in November, which was the 16th day of the month. The court entered an order which purported to transfer the lien for attorneys' fees to the money in the hands of the guardian, Harris, who receipted for the money as above stated on November 10, 1937. If there was a res and if this was an actionin rem, there is no law in Illinois in the Attorney's Lien act or elsewhere that would give a circuit court power to enter such an order. The lien in Illinois is not on money paid to the plaintiff.
The opinion as written admits that at common law there was no attorney's lien over the claim for damages or money paid by settlement. The Illinois decisions are cited which hold this but the opinion has to be supported by the contrary theory. We held in such cases as Case v. Emmerson-Brantingham Co. 269 Ill. 94;Sutton v. Chicago Railways Co. 258 id. 551, and Baker v. Baker, 258 id. 418, that "the Attorney's Lien act does not affect the right of a defendant in a suit, or of persons against whom claims or demands are held by attorneys for collection, from settling the same, but it requires that they shall, after notice, in making such settlement, retain sufficient funds from the amount of the settlement to satisfy the lien of the attorney for his fees."
There are two cases in which attorney's liens for fees were involved in which money had been paid into court, and in the first of these it was held that the lien did not attach to the fund itself. That case is Story v. Hull, 143 Ill. 506. The second case is Caruso v. Pelling, 271 Ill. App. 318. There a judgment for the $1500 settlement was made *Page 71 
in a suit brought by the mother as the next friend of the plaintiff who was a minor. It was held that regardless of whether the defendant retained any money or not, it was liable to the attorney for his fee because he had perfected his lien by serving notice under the statute.